RUBY J. KRAJICK

# 19 CV 03070

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

AARON GOODMAN

     Plaintiff,

  vs.

EXPERIAN INFORMATION
SOLUTIONS, INC., and Does 1-10,

    Defendants.

No. _____

COMPLAINT

AFFIDAVIT

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, *In Pro Per*, and brings this Complaint against Defendants

states as follows:

### I. PRELIMINARY STATEMENT FCRA

1. Congress enacted the Fair Credit Reporting Act 15 U.S.C. §1681 *et sequi* (hereinafter

"FCRA"), to establish consumer rights to accuracy over their credit and financial

information and to ensure the "[a]ccuracy and fairness of credit reporting." 15 U.S.C.

§ 1681.

2. The FCRA, under Congressional Findings and Statement of Purpose, 15 U.S.C. §

1681(b) reads in relevant part: "Reasonable procedures. It is the purpose of this title to

require that consumer reporting agencies adopt reasonable procedures for meeting the

1

needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable **to the consumer** with regard to the confidentiality, **accuracy**, relevancy, and proper utilization of such information in accordance with the requirements of this title." (Emphasis added).

3. This action arises out of Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. §1681, which prohibits consumer reporting agencies (hereinafter "CRAs") from failing to investigate/reinvestigate consumers' disputes, failing to provide consumers with their "Full Consumer File Disclosure", and failing to add additional statements to the consumer credit file.

4. 15 U.S.C. §1681n and §1681o, create a private right of action for consumers to bring against violators of any provision of the FCRA with regard to their credit.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. §1681, *et sequi*, as well as 28 U.S.C. §1331.

6. Venue is proper pursuant to 28 U.S.C. §1391(b). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

7. This is an action for damages which exceed $5,000.00.

8. All conditions precedent to the bringing of this action have been performed.

## III. PARTIES

9. Plaintiff, Aaron Goodman, is a natural person and is a resident of this State (hereinafter "Plaintiff"), and the county of New York. In the cases of receiving mail or return delivery, Plaintiff utilizes the postal address provided herein.

2

10. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") along with its subsidiaries, affiliates and business partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 et seq. with a principal corporate executive office address of 475 Anton Boulevard, Costa Mesa, CA 92626 and may be served through its registered agent, C T Corporation, 28 Liberty Street, New York, NY 10005, USA.

11. Experian, its subsidiaries and partners sell consumer information and data derived from consumer information in its consumer file(s) in a number of products and services to customers such as financial institutions and the debt collection industry. As of November 13, 2018, Experian's website advertises and promotes their "...U.S. ConsumerView marketing database covers over 300 million individuals and 126 million households. With the freshest data compiled from hundreds of public and proprietary sources, Experian has thousands of powerful data points to help marketers reach their targeting goals, including demographics, purchasing habits, lifestyles, interests and attitudes."

12. Defendants Does 1-10 are currently unknown to plaintiff. Complaint will be amended when facts are discovered regarding unknown parties.

## IV. FACTUAL ALLEGATIONS

13. On August 18, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to Discover regarding an alleged account that had been reported by Discover to Defendant. *(See "Exhibit A")*

3

14. On August 21, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to American Express regarding an alleged account that had been reported by American Express to Defendant. *(See "Exhibit B")*

15. On September 14, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to Discover regarding an alleged account that had been reported by Discover to Defendant. *(See "Exhibit C")*

16. On September 18, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to American Express regarding an alleged account that had been reported by American Express to Defendant. *(See "Exhibit D")*

17. On October 5, 2018, Defendant sent Plaintiff a communication that is misleading and unresponsive to Plaintiff's notices of dispute. *(See "Exhibit E")*

18. On October 8, 2019, Plaintiff sent Defendant a Notice of Dispute regarding an alleged account reported by American Express to Plaintiff's credit report. *(See "Exhibit F")*

19. On October 8, 2019, Plaintiff sent Defendant a Notice of Dispute regarding an alleged account reported by Discover to Plaintiff's credit report. *(See "Exhibit G")*

20. On October 8, 2018, Defendant sent an unresponsive and misleading communication regarding investigation of Plaintiff's dispute and inaccurately added a fraud alert, not requested by the consumer, to Plaintiff's credit report. *(See "Exhibit H")*

21. On October 17, 2018, Defendant's first derogatory marks were added to Plaintiff's credit report when Defendant sent Plaintiff a communication that a reinvestigation of the alleged account with American Express had been completed and was verified as accurate. *(See "Exhibit I")*

22. On October 20, 2018, Defendant's first derogatory marks were added to Plaintiff's credit report when Defendant sent Plaintiff a communication that a reinvestigation of

4

the alleged account with Discover had been completed and was verified as accurate. *(See "Exhibit J")*

23. On October 25, 2018, Defendant sent Plaintiff a communication that a reinvestigation of the alleged account with Discover had been completed and was verified as accurate. *(See "Exhibit K")*

24. On October 29, 2018, Defendant sent Plaintiff a communication that a reinvestigation of the alleged account with American Express had been completed and was verified as accurate. *(See "Exhibit L")*

25. On November 15, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to Discover regarding an alleged account that had been reported by Discover to Defendant. *(See "Exhibit M")*

26. On November 15, 2018, Plaintiff sent Defendant a copy of Plaintiff's notice of dispute to American Express regarding an alleged account that had been reported by American Express to Defendant. *(See "Exhibit N")*

27. On December 1, 2018, Plaintiff sent Defendant a Full Consumer File Disclosure Request which includes a request to add a statement of dispute as to the alleged American Express account. *(See "Exhibit O")*

28. On December 1, 2018, Plaintiff sent Defendant a Full Consumer File Disclosure Request, which includes a request to add a statement of dispute as to the alleged Discover account. *(See "Exhibit P")*

29. On December 18, 2019, Defendant sent Plaintiff a communication refusing to honor Plaintiff's requests to report the alleged accounts of American Express and Discover as disputed. *(See "Exhibit Q")*

30. On December 26, 2018, Defendant added derogatory remarks regarding an alleged account of American Express to Plaintiff's credit report. *(See "Exhibit R")*

31. On December 27, 2018, Defendant added derogatory remarks regarding an alleged account of Discover to Plaintiff's credit report. *(See "Exhibit S")*

32. On January 16, 2019, Defendant sent Plaintiff a communication refusing to honor Plaintiff's requests to report the alleged account of American Express as disputed. *(See "Exhibit T")*

33. On February 5, 2019, Defendant sent Plaintiff a communication refusing to honor Plaintiff's requests to report the alleged accounts of American Express and Discover as disputed. *(See "Exhibit U")*

34. Defendant has failed to respond to Plaintiff's Full Consumer File Disclosure Request.

35. Defendant has failed to accurately report and add the Consumer Statement of Dispute for the alleged accounts of American Express and Discover.

**CAUSE I**
**DEFENDANT'S VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681e(b)**

36.     All above paragraphs are incorporated herein.

37.     Defendant failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer reports, credit scores, risk factor/denial codes and other economic and prediction data evaluations.

38.     Defendant has continually added, stored, maintained and disseminated personal and credit information, in consumer reports they each prepared and issued, about

the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the Plaintiff that such information was inaccurate.

39.     Defendant has failed and refused to report Plaintiff's disputes in its reports.

40.     Defendant has wilfully, or alternatively, negligently, violated the FCRA, 15 U.S.C. §1681e(b), on at least one occasion.

41.     The FCRA provides that whenever a CRA prepares a consumer credit report, "it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." FCRA, 15 U.S.C. §1681e(b). If a consumer's report contains an inaccuracy, the CRA who generated the inaccurate report may be held liable only if it failed to follow reasonable procedures. *Guimond, supra* at 1333. Generally, a jury should determine whether a CRA's procedures were reasonable and properly followed. *Id.* Also, see *Bradshaw v. BACHOME LOANS SERVICES, LP, et al.*, 3:10-438 (D.Or. 2011).

42.     To make out a prima facie violation under 1681e(b), a consumer must present evidence tending to show that a CRA prepared a report containing inaccurate information. *Guimond* (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)).

43.     Defendant and Plaintiff are in opposition as to the accuracy of Plaintiff's credit report. Plaintiff contends that the Discover and American Express accounts were always inaccurately reported because there was no valid debt owed by Plaintiff. Plaintiff asserts that there is no account; if there is an account, it is invalid; and that if it is invalid, there is nothing owed to Discover and American Express. Plaintiff further asserts that Defendant failed to investigate and report the dispute. Defendant misleadingly responded to Plaintiff that they accurately reported the alleged Discover and American Express accounts.

However, it cannot be concluded that Plaintiff's credit report was accurate as a matter of law. This Court will find that the account status is not dispositive and that a material factual dispute exists regarding the accuracy of Plaintiff's report.

44.     Because the parties dispute whether Defendant implemented and followed reasonable procedures to assure maximum possible accuracy, this Court cannot dispose of this claim summarily.

45.     As a direct and proximate result of Defendant's conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from Defendant pursuant to 15 U.S.C. §1681o.

**CAUSE II**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681i(a)**
**AS TO DEFENDANT EXPERIAN**

46.     All above paragraphs are incorporated herein.

47.     Plaintiff advised Defendant, through the furnishers of information, American Express and Discover, and directly, of the false data and demanded that the data be removed from their consumer reports and data files.

48.     Defendant failed to properly investigate/reinvestigate Plaintiff's disputes and continued to prepare and publish false consumer reports.

49.     Defendant and furnishers exchanged information about Plaintiff's disputes through their investigation/reinvestigation and CDV/ACDV/UDF/AUDF processes.

50.     Defendant and the furnishers were very aware of Plaintiff's disputes, as well as their inadequate and illegal investigation/reinvestigation, and the furnishers' responses to the numerous and varied contacts and their collective decision to leave disputes, false data as attributable to Plaintiff.

51.     Pursuant to 15 U.S.C. §1681i, a CRA must reasonably reinvestigate an item in a consumer's credit file once the consumer directly notifies the agency of a possible inaccuracy. 15 U.S.C. §1681i(a)(1)(A). This provision also requires a CRA to review and consider all relevant information submitted by the consumer, promptly provide the credit grantor of the disputed item with all relevant information regarding the dispute, and then promptly delete or modify the item based on the results of the reinvestigation. 15 U.S.C. §1681i(a)(2)(B); 15 U.S.C. §1681i(a)(4); 15 U.S.C. §1681i(a)(5)(A). To state a claim under 15 U.S.C. §1681i(a), Plaintiff must establish that: (1) his credit files contained inaccurate or incomplete information; (2) he notified the CRAs directly of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) CRAs failed to respond to the dispute; and (5) CRAs' failure to reinvestigate caused Plaintiff to suffer actual damages. *Thomas v. Trans Union, LLC*, 197 F.Supp.2d 1233, 1236 (D.Or. 2002) (citations omitted).

52.     Defendant failed to use reasonable procedures to investigate/reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

53.     Defendant utilized an automated dispute system to verify the accuracy of Plaintiff's account.

54.     Many Courts have concluded that where a CRA is affirmatively on notice that information received from a creditor may be suspect, it is unreasonable as a matter of law for the agency to simply verify the creditor's information through the ACDV process without additional investigation. *Saenz v. Trans Union, LLC*, 621 F.Supp.2d 1074, 1083-84 (D.Or. 2007) (discussing cases); see also *Cushman*, 115 F.3d at 225 ("The 'grave responsibility' imposed by §1681i(a) must consist of something more than merely parroting information received from other sources."); *Apodaca v. Discover Fin. Servs.*, 417 F.Supp.2d 1220, 1230-31 (D.N.M. 2006) (noting that CRAs

9

may not rely on automated procedures that make only superficial inquires once the consumer has notified it that the information is disputed); *Lambert v. Beneficial Mortg. Corp.*, No. 3:05-cv-05468-RBL, 2007 WL 1309542, at *4-5 (W.D. Wash. May 4, 2007) (finding a question of fact as to whether the ACDV sent by the CRA contained sufficient information to comply with its reinvestigation duties). After this Court reviews the ACDV obtained through discovery, it will not conclude that CRAs' reinvestigations were reasonable as a matter of law.

55.     Plaintiff has met the prima facie showing of inaccuracy. Defendant does not dispute that Plaintiff sent letters to them notifying them of relevant, allegedly inaccurate information.

56.     Defendant failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendant and relayed for further use, reliance and publication by their subscribers.

57.     Defendant failed to adopt and follow reasonable procedures to assure the proper investigation/reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data-bank, as required by the FCRA.

58.     Defendant has wilfully, or alternatively, negligently, violated the FCRA, 15 U.S.C. §1681i(a), on more than one occasion as shown in their reports.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from Defendant pursuant to 15 U.S.C. §1681o.

**CAUSE III**
**DEFENDANT'S VIOLATION OF FAIR CREDIT**
**REPORTING ACT (FCRA), 15 U.S.C. §1681i(c)**

60.     All above paragraphs are incorporated as reference herein.

61.     Defendant failed to employ reasonable procedures to mark as disputed the various accounts contested by Plaintiff and which appeared in Plaintiff's consumer credit files and reports and to notify third parties, upon those inquiries, of the disputed nature of the account reporting.

62.     Defendant failed to add Plaintiff's consumer statement of dispute to Plaintiff's credit file.

63.     Defendant wilfully, or alternatively, negligently, violated the FCRA, 15 U.S.C. §1681i(c).

64.     As a direct and proximate result of Defendant's conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of $1,000 from Defendant pursuant to 15 U.S.C. §1681o.

## CAUSE IV
## DEFENDANT'S VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681g(a)(1)

65.     All above paragraphs are incorporated as reference herein.

66.     Defendant failed to employ reasonable procedures to mark as disputed the various accounts contested by Plaintiff and which appeared in Plaintiff's consumer credit files and reports and to notify third parties, upon those inquiries, of the disputed nature of the account reporting.

67.     Defendant wilfully, or alternatively, negligently, violated the FCRA, 15 U.S.C. §1681g(a)(1).

68.     As a direct and proximate result of Defendant's conduct, Plaintiff has and will continue to suffer damages as shown herein. Plaintiff seeks damages in the amount of

$1,000 from Defendant pursuant to 15 U.S.C. §1681o.

## V.   RELIEF SOUGHT

69.     This Court is authorized to immediately order Defendant to permanently remove all reference to the alleged debt from Plaintiff's consumer credit file.

## VI. PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff, pursuant to the FCRA, against Defendant as follows.

(a)     Against Defendant in the amount of $4,000 for violations of the FCRA;

(b)     Award Plaintiff the costs of bringing this action in the amount of $1757.22, as well as other and additional relief as the Court may determine to be just and proper. See *Guimond v. Trans Union Credit Information Company*, 45 F.3d 1329 (9th Cir. 1995) (Even without pecuniary or out-of-pocket loss, may recover actual damages for the mere injury to reputation or creditworthiness caused by the delinquencies appearing on credit report.) and *Gertz v. Robert Welsh, Inc.*, 418 U.S. 323 (1974) *cf. Jorgeson v. TRW, Inc.*, C.A. No. 96-286 (D.Or. 1998)(emotional distress); *Valentine v. Equifax Information Servs, LLC, et al.*, U.S.Dist Ct. (Or) Case No. 05-cv-0801-JO (emotional distress); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1101 (D.Ariz. 2003) citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 1040 (9th Cir. 2003); *Johnson v. Hale*, 13 F.3d 1351, 1352-53 (9th Cir. 1994) (objective evidence not a requirement for emotional distress). *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57 (2007) (punitive damages for willful failure to comply with any requirement of the FCRA. 15 U.S.C. §1681n(1)).

Where the issue of damages depends on whether a violation of the FCRA occurred, the

question of damages is generally reserved for the jury. *Cairns v. GMAC Mortg. Corp.*, No. CIV 04-1840-PHX-SMM, 2007 WL 735564, *7 (D. Ariz. Mar, 5, 2007). A successful FCRA plaintiff is entitled to a damage award that varies depending on the willfulness of the breach. *See Rambarran v. Bank of America, N.A.*, 609 F. Supp. 2d at 1258.

Recovery for a negligent violation of FCRA is limited to the amount of actual damages and attorneys' fees and costs. *See* 15 U.S.C. § 1681o. "If the breach is willful, however, the plaintiff is entitled to recover either actual damages or statutory damages (from $100–$1,000), whichever is greater, in addition to attorneys' fees and costs." *Rambarran*, supra, at 1258. The Court may also impose punitive damages to punish a willful violation of FCRA. *See* 15 U.S.C. § 1681n.

"Construed literally, the text of the FCRA would seem to impose liability—regardless of the accuracy of the underlying information—if the furnisher did not conduct a proper investigation after receiving notice of a dispute." *Davidson v. Capital One*, No. 14–20478–CIV, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this __4th__ day of __April 209__ .

_Aaron Goodman_
Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354
Plaintiff, *in pro per*

# AFFIDAVIT

STATE OF NEW YORK          )
                          )ss.
COUNTY OF NEW YORK         )

I, Aaron Goodman, have read the foregoing Complaint and know its contents.

I am the Plaintiff, party to this action, and am authorized to make this affidavit. I have firsthand knowledge as to the matters stated in the foregoing document as true, certain, correct and not misleading, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true, certain, correct and not misleading.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

_Aaron Goodman_
_____

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354
Plaintiff, *in pro per*

ROBIN FUNK
Notary Public - State of New York
NO. 01FU6184229
Qualified in New York County
My Commission Expires Jun 13, 2020

NY NY
4-4-2019

# EXHIBIT A

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** DAVID NELMS
DISCOVER FINANCIAL SERVICES
2500 LAKE COOK ROAD
RIVERWOODS, IL 60015

August 18th, 2018

**Registered Mail Number** #RE178402375US

**RE: DISCOVER Account No.** 6011-0009-0042-6168

## NOTICE OF DISPUTE

**Dear David Nelms,**

Thank you for the statement of August 2nd, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that DISCOVER is, without a doubt, in breach of the alleged agreement. The following facts support my position in this matter:**

1.     **DISCOVER** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **DISCOVER** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **DISCOVER** did not perform under the agreement and risked nothing of value.

### THE TRANSACTION
In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase

activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor**. The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.      **DISCOVER** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.      **DISCOVER** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **DISCOVER it** account while retaining payments from consumer.

4.      That being said, a breach occurred due to the fact that **DISCOVER** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.      Due to this breach, and complete lack of disclosure, **DISCOVER** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.      Due to the securitization of the "initial outstanding balances" of the alleged account, **DISCOVER** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.      When accounts are 90 days or more overdue, **DISCOVER** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **DISCOVER** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.      A complete statement of Damages, including all losses that **DISCOVER** has incurred under the alleged agreement.

2.   A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.   The name, address and telephone number of **DISCOVER's** CPA auditor.

4.   A copy of any and all insurance claims that have been made by **DISCOVER** regarding this account.

5.   Verification if this alleged debt has been assigned or sold to a debt collector.

6.   If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.   If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.   A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be useful for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit.

This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act**.

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character**.

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt. Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter. Failure by **DISCOVER** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

*Aaron Goodman*

Signed without prejudice by            Aaron Goodman

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

Cc:

1. **Equifax**
   **Attention: Paulino do Rego Barros Jr. / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

## AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "DISCOVER Account Number 6011-0009-0042-6168" including the credit card agreement, account ledgers and bookkeeping entries;

2. That DISCOVER does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That DISCOVER used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That DISCOVER did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That DISCOVER incurred financial losses and has been damaged in the amount of $10,597.51, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.      When accounts are 90 days or more overdue, DISCOVER does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.      That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.      That DISCOVER is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.      That I have personal knowledge that the Credit Card agreement and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                            Subscribed and Sworn before me this_____
                                      Day of_____, 2_____ .

_____     The State of_____

                                      County of_____

_____
Print Name & Title

                                      _____
                                      Signature & Seal of Notary

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** Don Robert, Chairman
Experian
475 Anton Blvd.
Costa Mesa, CA 92626

Registered Mail Number #RE178402375US

August 11th, 2018

**RE:** DISCOVER **Account No.** 6011-0009-0042-6168

**Dear** Don Robert:

You will see that your agency is to refrain from blemishing my credit or erroneously entering any derogatory status on my credit report in case the pretender lender claims that the corresponding account is delinquent, at any time in the near future. It is NOT delinquent, because in order for it to be delinquent, there would first have had to be a legal and legitimate loan.

You are requested to send a notice of dispute to DISCOVER in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2) and your CDV/ACDV/UDF/AUDF processes.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

Please be advised that the alleged debt that has been reported to you is uncollectable for the following reasons:

1. Creditor is in breach of any alleged agreement that it claims I am bound by.
2. Creditor failed to make full disclosure in its credit card agreement prior to soliciting my application to be bound by it.

3. Due to the breach and lack of full disclosure, you are reporting a collection of an alleged debt from me, under false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, §15 U.S.C. 1692e, committing fraud.

4. Creditor has failed to fully disclose the fact that it sold its credit card receivables relating to the alleged account. This transaction is a securitization.

5. Due to the securitization of the "initial outstanding balances" of the alleged account, creditor is not a holder in due course, and therefore has no rights or interest in the receivables you are reporting.

**Law in support of the above:**

**THE TRANSACTION**

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor**. The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

**SECURITIZATIONS**

74. An originator of a typical securitization (the transferor) transfers a portfolio of financial assets to an SPE, commonly a trust. In "pass-through" and "pay-through" securitizations, receivables are transferred to the SPE at the inception of the securitization, and no further transfers are made; all cash collections are paid to the holders of beneficial interests in the SPE. In "revolving-period" securitizations, receivables are transferred at the inception and also periodically (daily or monthly) thereafter for a defined period (commonly three to eight years), referred to as the revolving period. During the revolving period, the SPE uses most of the cash collections to purchase additional receivables from the transferor on prearranged terms.

75. Beneficial interests in the SPE are sold to investors and the proceeds are used to pay the transferor for the assets transferred. Those beneficial interests may comprise either a single class having equity characteristics or multiple classes of interests, some having debt characteristics and others having equity characteristics. The cash collected from the portfolio is distributed to the investors and others as specified by the legal documents that established the SPE.

See *Statement of Financial Accounting Standards No. 140,* Financial Accounting Standards Board, September 2000 (FASB FAS140)

This is probably the most legitimate dispute of the validity of the "loan" you have ever seen.   Therefore, you are courteously requested to enter this account as being suspended while in absolutely justified dispute.   I trust that you and your management staff operate honorably and that I will never have to sue you for blemishing my credit for illegally allowing the pretender lender's erroneous and robotically unconscious computer-generated reports of default, if they occur, to lower my credit score.   Wish me well in getting this resolved with the "lender" itself, and I appreciate your protecting my credit score in the meantime.   Thank you for your cooperation and I wish the best of success and happiness to you.

Sincerely,

**Signed without prejudice by**          Aaron Goodman

# EXHIBIT B

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** STEPHEN SQUERI
AMERICAN EXPRESS
200 VESEY STREET
NEW YORK, NY 10285

August 21st, 2018

**Registered Mail Number #RE049587935US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

## NOTICE OF DISPUTE

**Dear Stephen Squeri,**

Thank you for the statement of July 29th, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692** *et seq*. Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that AMERICAN EXPRESS is, without a doubt, in breach of the alleged agreement. The following facts support my position in this matter:**

1. **AMERICAN EXPRESS** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **AMERICAN EXPRESS** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **AMERICAN EXPRESS** did not perform under the agreement and risked nothing of value.

### THE TRANSACTION
In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables

Page 1 of 5

are **purchased by the trust from the originating institution/seller/transferor**. The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.   **AMERICAN EXPRESS** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.   **AMERICAN EXPRESS** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **Gold Delta SkyMiles** account while retaining payments from consumer.

4.   That being said, a breach occurred due to the fact that **AMERICAN EXPRESS** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.   Due to this breach, and complete lack of disclosure, **AMERICAN EXPRESS** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.   Due to the securitization of the "initial outstanding balances" of the alleged account, **DISCOVER** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.   When accounts are 90 days or more overdue, **AMERICAN EXPRESS** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **AMERICAN EXPRESS** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.   A complete statement of Damages, including all losses that **AMERICAN EXPRESS** has incurred under the alleged agreement.

2.  A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.  The name, address and telephone number of **AMERICAN EXPRESS's** CPA auditor.

4.  ~~A copy of any and all insurance claims that have been made by AMERICAN EXPRESS~~ regarding this account.

5.  Verification if this alleged debt has been assigned or sold to a debt collector.

6.  If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.  If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.  A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.**"

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**<u>You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving this dispute letter.</u>** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit.

This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **AMERICAN EXPRESS** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

<u>**This notice also constitutes a Notice to Cease Telephonic Communications.**</u> Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.  THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

Signed without prejudice by          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

Cc:

1. **Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**
   **Attention: Enforcement Division**
   1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   600 Pennsylvania Avenue, NW
   Washington, DC 20580

## AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "AMERICAN EXPRESS Account Number 3725-481943-22002" including the credit card agreement, account ledgers and bookkeeping entries;

2. That AMERICAN EXPRESS does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That AMERICAN EXPRESS used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That AMERICAN EXPRESS did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That AMERICAN EXPRESS incurred financial losses and has been damaged in the amount of $10,160.00, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.    When accounts are 90 days or more overdue, AMERICAN EXPRESS does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.    That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.    That AMERICAN EXPRESS is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.    That I have personal knowledge that the AMERICAN EXPRESS and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                              Day of_____, 2_____ .

_____            The State of_____

                                             County of_____

_____
Print Name  & Title

                                             _____
                                             Signature & Seal of Notary

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** Don Robert, Chairman
Experian
475 Anton Blvd.
Costa Mesa, CA 92626

August 21st, 2018

**Registered Mail Number #RE049587935US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

**Dear** Don Robert:

You will see that your agency is to refrain from blemishing my credit or erroneously entering any derogatory status on my credit report in case the pretender lender claims that the corresponding account is delinquent, at any time in the near future. It is NOT delinquent, because in order for it to be delinquent, there would first have had to be a legal and legitimate loan.

You are requested to send a notice of dispute to AMERICAN EXPRESS in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2) and your CDV/ACDV/UDF/AUDF processes.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

Please be advised that the alleged debt that has been reported to you is uncollectable for the following reasons:

1. Creditor is in breach of any alleged agreement that it claims I am bound by.
2. Creditor failed to make full disclosure in its credit card agreement prior to soliciting my application to be bound by it.
3. Due to the breach and lack of full disclosure, you are reporting a collection of an

alleged debt from me, under false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, §15 U.S.C. 1692e, committing fraud.

4. Creditor has failed to fully disclose the fact that it sold its credit card receivables relating to the alleged account. This transaction is a securitization.

5. Due to the securitization of the "initial outstanding balances" of the alleged account, creditor is not a holder in due course, and therefore has no rights or interest in the receivables you are reporting.

**Law in support of the above:**

**THE TRANSACTION**

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

**SECURITIZATIONS**

74. An originator of a typical securitization (the transferor) transfers a portfolio of financial assets to an SPE, commonly a trust. In "pass-through" and "pay-through" securitizations, receivables are transferred to the SPE at the inception of the securitization, and no further transfers are made; all cash collections are paid to the holders of beneficial interests in the SPE. In "revolving-period" securitizations, receivables are transferred at the inception and also periodically (daily or monthly) thereafter for a defined period (commonly three to eight years), referred to as the revolving period. During the revolving period, the SPE uses most of the cash collections to purchase additional receivables from the transferor on prearranged terms.

75. Beneficial interests in the SPE are sold to investors and the proceeds are used to pay the transferor for the assets transferred. Those beneficial interests may comprise either a single class having equity characteristics or multiple classes of interests, some having debt characteristics and others having equity characteristics. The cash collected from the portfolio is distributed to the investors and others as specified by the legal documents that established the SPE.

See *Statement of Financial Accounting Standards No. 140,* Financial Accounting Standards Board, September 2000 (FASB FAS140)

This is probably the most legitimate dispute of the validity of the "loan" you have ever seen.   Therefore, you are courteously requested to enter this account as being suspended while in absolutely justified dispute.   I trust that you and your management staff operate honorably and that I will never have to sue you for blemishing my credit for illegally allowing the pretender lender's erroneous and robotically unconscious computer-generated reports of default, if they occur, to lower my credit score.   Wish me well in getting this resolved with the "lender" itself, and I appreciate your protecting my credit score in the meantime.   Thank you for your cooperation and I wish the best of success and happiness to you.

Sincerely,

Signed without prejudice by

Aaron Goodman

EXHIBIT C

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** DAVID NELMS
DISCOVER FINANCIAL SERVICES
2500 LAKE COOK ROAD
RIVERWOODS, IL 60015

September 14th, 2018

**Registered Mail Number #RE049588159US**

**RE: DISCOVER Account No. 6011-0009-0042-6168**

## NOTICE OF DISPUTE

**Dear David Nelms,**

Thank you for your letter dated August 27th, 2018. However, "Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65]. Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of August 2nd, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

After reasonable inquiry I have concluded that DISCOVER is, without a doubt, in breach of the alleged agreement. The following facts support my position in this matter:

1.     **DISCOVER** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **DISCOVER** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **DISCOVER** did not perform under the agreement and risked nothing of value.

## THE TRANSACTION

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.     **DISCOVER** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.     **DISCOVER** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **DISCOVER** it account while retaining payments from consumer.

4.     That being said, a breach occurred due to the fact that **DISCOVER** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.     Due to this breach, and complete lack of disclosure, **DISCOVER** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.     Due to the securitization of the "initial outstanding balances" of the alleged account, **DISCOVER** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.     When accounts are 90 days or more overdue, **DISCOVER** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **DISCOVER** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.  A complete statement of Damages, including all losses that **DISCOVER** has incurred under the alleged agreement.

2.  A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.  The name, address and telephone number of **DISCOVER's** CPA auditor.

4.  A copy of any and all insurance claims that have been made by **DISCOVER** regarding this account.

5.  Verification if this alleged debt has been assigned or sold to a debt collector.

6.  If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.  If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.  A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be useful for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: "a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act.**

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

<u>**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving**</u>

**this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **DISCOVER** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

**Sincerely,**

**Signed without prejudice by**          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

**Cc:**

**1. Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

**2. Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

**3. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

**4. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

**5. Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

**6. TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

**7. TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

**8. Consumer Financial Protection Bureau**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   600 Pennsylvania Avenue, NW
   Washington, DC 20580

## AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "DISCOVER Account Number 6011-0009-0042-6168" including the credit card agreement, account ledgers and bookkeeping entries;

2. That DISCOVER does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That DISCOVER used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That DISCOVER did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That DISCOVER incurred financial losses and has been damaged in the amount of $10,597.51, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6. When accounts are 90 days or more overdue, DISCOVER does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7. That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8. That DISCOVER is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9. That I have personal knowledge that the Credit Card agreement and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                                  Subscribed and Sworn before me this_____
                                            Day of_____, 2_____ .
_____
                                            The State of_____

                                            County of_____
_____
Print Name  & Title
                                            _____
                                            Signature & Seal of Notary

# EXHIBIT D

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** STEPHEN SQUERI
~~AMERICAN EXPRESS~~
200 VESEY STREET
NEW YORK, NY 10285

September 18th, 2018

**Registered Mail Number #RE049588193US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

**NOTICE OF DISPUTE**

**Dear Stephen Squeri,**

Thank you for your letter dated September 10th, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of July 29th, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that AMERICAN EXPRESS is, without a doubt, in breach of the alleged agreement.  The following facts support my position in this matter:**

1.      **AMERICAN EXPRESS** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **AMERICAN EXPRESS** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **AMERICAN EXPRESS** did not perform under the agreement and risked nothing of value.

**THE TRANSACTION**

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.   **AMERICAN EXPRESS** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.   **AMERICAN EXPRESS** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **Gold Delta SkyMiles** account while retaining payments from consumer.

4.   That being said, a breach occurred due to the fact that **AMERICAN EXPRESS** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.   Due to this breach, and complete lack of disclosure, **AMERICAN EXPRESS** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.   Due to the securitization of the "initial outstanding balances" of the alleged account, **AMERICAN EXPRESS** is <u>not a holder in due course</u>, and therefore cannot have incurred a loss or make a valid claim.

7.   When accounts are 90 days or more overdue, **AMERICAN EXPRESS** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **AMERICAN EXPRESS** that the agreement has not been breached. In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.      A complete statement of Damages, including all losses that **AMERICAN EXPRESS** has incurred under the alleged agreement.

2.      A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.      The name, address and telephone number of **AMERICAN EXPRESS's** CPA auditor.

4.      A copy of any and all insurance claims that have been made by **AMERICAN EXPRESS** regarding this account.

5.      Verification if this alleged debt has been assigned or sold to a debt collector.

6.      If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.      If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.      A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving**

**this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **AMERICAN EXPRESS** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE
THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.  THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

*Aaron Goodman*
_____

**Signed without prejudice by**          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

**Cc:**

**1. Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

**2. Equifax Information Services LLC**
    P.O. Box 740256, Atlanta GA 30374

**3. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

**4. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

**5. Experian Disputes Office**
    P.O. Box 4500, Allen TX  75013

**6. TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

**7. TransUnion Consumer Solutions**
    P.O. Box 2000, Chester PA 19022-2000

**8. Consumer Financial Protection Bureau**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

## AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "AMERICAN EXPRESS Account Number 3725-481943-22002" including the credit card agreement, account ledgers and bookkeeping entries;

2. That AMERICAN EXPRESS does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That AMERICAN EXPRESS used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That AMERICAN EXPRESS did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That AMERICAN EXPRESS incurred financial losses and has been damaged in the amount of $10,160.00, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.      When accounts are 90 days or more overdue, AMERICAN EXPRESS does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.      That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.      That AMERICAN EXPRESS is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.      That I have personal knowledge that the AMERICAN EXPRESS and promissory notes were not altered or forged in any way.

ATTESTATION

The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                              Day of_____, 2_____ .

_____

                                              The State of_____

                                              County of_____

_____
Print Name  & Title

                                              _____
                                              Signature & Seal of Notary

# EXHIBIT E

PO Box 9701
Allen, TX 75013



0001705  01 MB 0.421  **AUTO  T8 0 7240 11354-525801   -C01-P01706-I
AARON GOODMAN
13201 ROOSEVELT AVENUE #818015
FLUSHING NY  11354-5258



# Important Information

Report # **0207-4035-56** for **10/05/18**

## Dear AARON GOODMAN

We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, address, and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. **If you have additional relevant information** (anything new that has occurred between you and the credit grantor or courts that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that bankruptcy was dismissed or discharged, etc.), **that was not presented when you previously disputed the information** you may mail it to us and we will reinvestigate the disputed information. You may also submit such supporting documentation electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing. Potentially negative information, such as missed or late payments, and most public record items remain on the credit report for seven years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years. Unpaid tax liens will remain for up to 10 years from the filing date, and paid tax liens will remain for up to seven years from the filing date.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and

continued >

7240-01-00-0001705-0001-0002759



completeness of any disputed item which may include
contacting the furnisher of the information or the vendor
that collected the information from a public record source,
such as a court or other government office, notifying them
of the disputed information and disclosing all relevant
information regarding the consumer's dispute. In order to
help resolve the consumer's dispute, Experian will review
all relevant documents submitted by the consumer with
the dispute and will forward such documents to the
furnisher if Experian is unable to resolve the issue based
on those documents. Consumers may also contact
creditors directly to dispute items reported by the creditor.
If the issue is not resolved, then the consumer credit
reporting agency must offer to include a consumer
statement on the personal credit report.

Unless you send us additional relevant information to
support your claim, we will not reinvestigate this
information again.

AMERICAN EXPRESS
3499922409588333

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013

# EXHIBIT F

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** STEPHEN SQUERI
AMERICAN EXPRESS
200 VESEY STREET
NEW YORK, NY 10285

October 8th, 2018

**Registered Mail Number #RE049588255US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

## NOTICE OF DISPUTE

**Dear Stephen Squeri,**

Thank you for your letter dated September 28th, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of July 29th, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that AMERICAN EXPRESS is, without a doubt, in breach of the alleged agreement. The following facts support my position in this matter:**

1.  **AMERICAN EXPRESS** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **AMERICAN EXPRESS** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **AMERICAN EXPRESS** did not perform under the agreement and risked nothing of value.

### THE TRANSACTION

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.    **AMERICAN EXPRESS** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.    **AMERICAN EXPRESS** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **Gold Delta SkyMiles** account while retaining payments from consumer.

4.    That being said, a breach occurred due to the fact that **AMERICAN EXPRESS** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.    Due to this breach, and complete lack of disclosure, **AMERICAN EXPRESS** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.    Due to the securitization of the "initial outstanding balances" of the alleged account, **AMERICAN EXPRESS** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.    When accounts are 90 days or more overdue, **AMERICAN EXPRESS** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **AMERICAN EXPRESS** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.   A complete statement of Damages, including all losses that **AMERICAN EXPRESS** has incurred under the alleged agreement.

2.   A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.   The name, address and telephone number of **AMERICAN EXPRESS's** CPA auditor.

4.   A copy of any and all insurance claims that have been made by **AMERICAN EXPRESS** regarding this account.

5.   Verification if this alleged debt has been assigned or sold to a debt collector.

6.   If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.   If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.   A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act.**

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving**

**this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **AMERICAN EXPRESS** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

*Aaron Goodman*

**Signed without prejudice by**          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

**Cc:**

**1. Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

**2. Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

**3. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

**4. Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

**5. Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

**6. TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

**7. TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

**8. Consumer Financial Protection Bureau**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

## AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "AMERICAN EXPRESS Account Number 3725-481943-22002" including the credit card agreement, account ledgers and bookkeeping entries;

2. That AMERICAN EXPRESS does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That AMERICAN EXPRESS used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That AMERICAN EXPRESS did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That AMERICAN EXPRESS incurred financial losses and has been damaged in the amount of $10,160.00, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.      When accounts are 90 days or more overdue, AMERICAN EXPRESS does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.      That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.      That AMERICAN EXPRESS is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.      That I have personal knowledge that the AMERICAN EXPRESS and promissory notes were not altered or forged in any way.

ATTESTATION

The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                              Day of_____, 2_____ .

_____             The State of_____

                                              County of_____

_____
Print Name  & Title

                                              _____
                                              Signature & Seal of Notary

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** Don Robert, Chairman
Experian
475 Anton Blvd.
Costa Mesa, CA 92626

October 8th, 2018

**Registered Mail Number #RE049588255US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

**Dear** Don Robert:

You will see that your agency is to refrain from blemishing my credit or erroneously entering any derogatory status on my credit report in case the pretender lender claims that the corresponding account is delinquent, at any time in the near future. It is NOT delinquent, because in order for it to be delinquent, there would first have had to be a legal and legitimate loan.

You are requested to send a notice of dispute to AMERICAN EXPRESS in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2) and your CDV/ACDV/UDF/AUDF processes.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

Please be advised that the alleged debt that has been reported to you is uncollectable for the following reasons:

1. Creditor is in breach of any alleged agreement that it claims I am bound by.
2. Creditor failed to make full disclosure in its credit card agreement prior to soliciting my application to be bound by it.
3. Due to the breach and lack of full disclosure, you are reporting a collection of an

alleged debt from me, under false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, §15 U.S.C. 1692e, committing fraud.

4. Creditor has failed to fully disclose the fact that it sold its credit card receivables relating to the alleged account. This transaction is a securitization.

5. Due to the securitization of the "initial outstanding balances" of the alleged account, creditor is not a holder in due course, and therefore has no rights or interest in the receivables you are reporting.

**Law in support of the above:**

**THE TRANSACTION**

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

**SECURITIZATIONS**

74. An originator of a typical securitization (the transferor) transfers a portfolio of financial assets to an SPE, commonly a trust. In "pass-through" and "pay-through" securitizations, receivables are transferred to the SPE at the inception of the securitization, and no further transfers are made; all cash collections are paid to the holders of beneficial interests in the SPE. In "revolving-period" securitizations, receivables are transferred at the inception and also periodically (daily or monthly) thereafter for a defined period (commonly three to eight years), referred to as the revolving period. During the revolving period, the SPE uses most of the cash collections to purchase additional receivables from the transferor on prearranged terms.

75. Beneficial interests in the SPE are sold to investors and the proceeds are used to pay the transferor for the assets transferred. Those beneficial interests may comprise either a single class having equity characteristics or multiple classes of interests, some having debt characteristics and others having equity characteristics. The cash collected from the portfolio is distributed to the investors and others as specified by the legal documents that established the SPE.

See *Statement of Financial Accounting Standards No. 140*, Financial Accounting Standards Board, September 2000 (FASB FAS140)

This is probably the most legitimate dispute of the validity of the "loan" you have ever seen.   Therefore, you are courteously requested to enter this account as being suspended while in absolutely justified dispute.   I trust that you and your management staff operate honorably and that I will never have to sue you for blemishing my credit for illegally allowing the pretender lender's erroneous and robotically unconscious computer-generated reports of default, if they occur, to lower my credit score.   Wish me well in getting this resolved with the "lender" itself, and I appreciate your protecting my credit score in the meantime.   Thank you for your cooperation and I wish the best of success and happiness to you.

Sincerely,

Signed without prejudice by                              Aaron Goodman

# EXHIBIT G

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** DAVID NELMS
~~DISCOVER FINANCIAL SERVICES~~
2500 LAKE COOK ROAD
RIVERWOODS, IL 60015

October 8th, 2018

**Registered Mail Number #RE049588264US**

**RE: DISCOVER Account No. 6011-0009-0042-6168**

## NOTICE OF DISPUTE

**Dear David Nelms,**

Thank you for your letter dated September 25th, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65]**. Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of August 2nd, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.**  Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that DISCOVER is, without a doubt, in breach of the alleged agreement.  The following facts support my position in this matter:**

1.	**DISCOVER** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **DISCOVER** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **DISCOVER** did not perform under the agreement and risked nothing of value.

Page 1 of 6

## THE TRANSACTION

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor**. The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.    **DISCOVER** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.    **DISCOVER** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **DISCOVER** it account while retaining payments from consumer.

4.    That being said, a breach occurred due to the fact that **DISCOVER** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.    Due to this breach, and complete lack of disclosure, **DISCOVER** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.    Due to the securitization of the "initial outstanding balances" of the alleged account, **DISCOVER** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.    When accounts are 90 days or more overdue, **DISCOVER** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **DISCOVER** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

In addition, please provide me with the following information:

1.      A complete statement of Damages, including all losses that **DISCOVER** has incurred under the alleged agreement.

2.      A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.      The name, address and telephone number of **DISCOVER**'s CPA auditor.

4.      A copy of any and all insurance claims that have been made by **DISCOVER** regarding this account.

5.      Verification if this alleged debt has been assigned or sold to a debt collector.

6.      If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.      If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.      A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be useful for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: "**a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified.**"

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**<u>You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving</u>**

**this dispute letter**. I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act**.

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character**.

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]**, putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **DISCOVER** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications**. Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227**.

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

**Sincerely,**

*Aaron Goodman*

**Signed without prejudice by**          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

**Cc:**

1. **Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

# AFFIDAVIT:  VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "DISCOVER Account Number 6011-0009-0042-6168" including the credit card agreement, account ledgers and bookkeeping entries;

2. That DISCOVER does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That DISCOVER used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That DISCOVER did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That DISCOVER incurred financial losses and has been damaged in the amount of $10,597.51, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.      When accounts are 90 days or more overdue, DISCOVER does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.      That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.      That DISCOVER is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.      That I have personal knowledge that the Credit Card agreement and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                              Subscribed and Sworn before me this_____
                                        Day of_____, 2_____ .

_____       The State of_____

                                        County of_____

_____
Print Name  & Title
                                        _____
                                         Signature & Seal of Notary

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** Don Robert, Chairman
Experian
475 Anton Blvd.
Costa Mesa, CA 92626

October 8th, 2018

**Registered Mail Number #RE049588264US**

RE: DISCOVER **Account No.** 6011-0009-0042-6168

**Dear** Don Robert:

You will see that your agency is to refrain from blemishing my credit or erroneously entering any derogatory status on my credit report in case the pretender lender claims that the corresponding account is delinquent, at any time in the near future. It is NOT delinquent, because in order for it to be delinquent, there would first have had to be a legal and legitimate loan.

You are requested to send a notice of dispute to DISCOVER in accordance with the provisions of Section 611(a)(2) of the FCRA, 15 U.S.C. §1681i(a)(2) and your CDV/ACDV/UDF/AUDF processes.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** states: "a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."

The "cannot be verified" is the key phrase, as you can see. Since I challenged you and your staff to verify, and you cannot, that means all financial institutions and credit reporting agencies concerned with my account are required to remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, according to the FCRA.

Please be advised that the alleged debt that has been reported to you is uncollectable for the following reasons:

1. Creditor is in breach of any alleged agreement that it claims I am bound by.
2. Creditor failed to make full disclosure in its credit card agreement prior to soliciting my application to be bound by it.
3. Due to the breach and lack of full disclosure, you are reporting a collection of an

alleged debt from me, under false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, §15 U.S.C. 1692e, committing fraud.

4. Creditor has failed to fully disclose the fact that it sold its credit card receivables relating to the alleged account. This transaction is a securitization.

5. Due to the securitization of the "initial outstanding balances" of the alleged account, ~~creditor is not a holder in due course, and therefore has no rights or interest in the~~ receivables you are reporting.

**Law in support of the above:**

**THE TRANSACTION**

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent additions to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

**SECURITIZATIONS**

74. An originator of a typical securitization (the transferor) transfers a portfolio of financial assets to an SPE, commonly a trust. In "pass-through" and "pay-through" securitizations, receivables are transferred to the SPE at the inception of the securitization, and no further transfers are made; all cash collections are paid to the holders of beneficial interests in the SPE. In "revolving-period" securitizations, receivables are transferred at the inception and also periodically (daily or monthly) thereafter for a defined period (commonly three to eight years), referred to as the revolving period. During the revolving period, the SPE uses most of the cash collections to purchase additional receivables from the transferor on prearranged terms.

75. Beneficial interests in the SPE are sold to investors and the proceeds are used to pay the transferor for the assets transferred. Those beneficial interests may comprise either a single class having equity characteristics or multiple classes of interests, some having debt characteristics and others having equity characteristics. The cash collected from the portfolio is distributed to the investors and others as specified by the legal documents that established the SPE.

See *Statement of Financial Accounting Standards No. 140,* Financial Accounting Standards Board, September 2000 (FASB FAS140)

This is probably the most legitimate dispute of the validity of the "loan" you have ever seen.  Therefore, you are courteously requested to enter this account as being suspended while in absolutely justified dispute.  I trust that you and your management staff operate honorably and that I will never have to sue you for blemishing my credit for illegally allowing the pretender lender's erroneous and robotically unconscious computer-generated reports of default, if they occur, to lower my credit score.  Wish me well in getting this resolved with the "lender" itself, and I appreciate your protecting my credit score in the meantime.  Thank you for your cooperation and I wish the best of success and happiness to you.

Sincerely,


**Signed without prejudice by**                Aaron Goodman

# EXHIBIT H



# Your Credit Report

Report # **3562-9682-89** for **10/08/18**

## AARON R GOODMAN

We were notified by one or more of the nationwide consumer credit reporting companies that you recently reported to them that you believe information in your credit report is inaccurate due to fraud.

To assist you in protecting your privacy, we have added a temporary Initial Security Alert to your Experian credit file (or updated your alert if you had already added one). The alert, which will expire after 12 months from 10/08/2018, notifies credit grantors to verify your identification in case someone is attempting to use your information without your consent. To further protect your credit information, we removed your name from prescreened offer mailing lists for six months.

Please take some time to review your credit report. Look for:

- Account information
- Names and addresses
- Requests for your credit history
- Or any other information that may appear on your report as a result of fraudulent activity

Be sure to notify us that the information is not yours due to fraud if you believe it appears on your report as a result of suspected identity theft activity.

### Disputing information in this report

Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process your dispute generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record.

The fastest and easiest way to dispute most information is to visit us at:
**www.experian.com/disputes**

You can also submit your disputes in writing by mailing them to:

Experian, Consumer Fraud Assistance, P.O. Box 9554, Allen TX 75013

### Call us with your disputes or questions:

800 509 8495, M - F 8am to 10pm and S - S 10am to 7pm, CT

You may also submit additional relevant information or supporting documentation for your disputes electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing.

> You have your Credit Report.
>
> ## Now, keep an eye on it for free.
>
> Get these free benefits, with no credit card required:
>
> - Your Experian Credit Report (refreshed every 30 days upon sign in)
> - Experian credit monitoring & alerts
> - Educational resources
>
> Enroll today at experian.com/view

*Medical Information*
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

AARON R GOODMAN | Report # **3562-9682-89** for **10/08/18**

# Payment History Legend

| | | | | |
|---|---|---|---|---|
| Current/Terms of agreement met | **CRD** Creditor received deed | | **G** Claim filed with government |
| Account 30 days past due | **FS** Foreclosure proceedings started | | **D** Defaulted on contract |
| Account 60 days past due | **F** Foreclosed | | **C** Collection |
| Account 90 days past due | **VS** Voluntarily surrendered | | **CO** Charge off |
| Account 120 days past due | **R** Repossession | | **CLS** Closed |
| Account 150 days past due | **PBC** Paid by creditor | | **ND** No data for this time period |
| **180** Account 180 days past due | **EC** Insurance claim | | |

*If your creditor reported any account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

---

***Personal statements you've asked us to include*** You've given us the following statement to include every time a company asks us for your credit report:

"ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-05-18."

---

The most common items in this section are late payments, accounts that have been charged off or sent to collection, and bankruptcies. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments may remain on the credit report for up to seven years. Chapters 7, 11 and 12 bankruptcies may remain on the credit report for up to 10 years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit items

**AMERICAN EXPRESS** Partial account # 3499922409588333

PO BOX 981537, EL PASO, TX 79998 or (800) 874 2717

| Date opened | First reported | Recent balance | Payment history |
|---|---|---|---|
| Jul 2015 | Jul 2015 | $10,609 as of Sep 2018 | |
| **Address ID #** | **Terms** | **Status** | |
| 0859998183 | Not reported | Open. $286 past due as of Sep 2018. | |
| **Type** | **Monthly payment** | By Jun 2025, this account is scheduled to go to a positive status. | |
| Credit card | $348 | | |
| **Responsibility** | **Credit limit or original amount** | **Comment** | |
| Individual | $10,000 | Completed investigation of FCRA dispute - consumer disagrees. This item was updated from our processing of your dispute in Sep 2018. | |
| | **High balance** | **Date of Status** | |
| | $10,609 | Sep 2018 | |

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2017 | | | | | | | | | | | | |
| 2016 | | | | | | | | | | | | |
| 2015 | | | | | | | | | | | | |

**Your statement** " Y ITEM DISPUTED BY CONSUMER"

**Account History *** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jul17 | Jun17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 10,384 | 10,160 | 10,004 | 10,067 | 9,996 | 10,100 | 10,159 | 10,177 | 10,165 | 10,113 | 10,169 | 8,495 | 5,466 | 5,002 | 1,599 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | 338 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | Nov16 | Oct16 |
|---|---|---|---|---|---|---|---|---|
| AB ($) | 10,007 | 9,955 | 10,061 | 10,039 | 10,028 | 9,998 | 9,977 | 9,978 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND |

# EXHIBIT I

PO Box 9701
Allen, TX 75013



0003938 02 MB 0.421 **AUTO T3 0 7250 11354-525801 -C02-P03941-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY 11354-5258



# Dispute Results

Report # **2355-1042-51** for **10/17/18**

# AARON GOODMAN

## Dispute Results

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

**How to read your results**

**Deleted -** This item was removed from your credit report.

**Remains -** The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.

**Updated** (Your results will indicate which one of the following applies.)

• The information you disputed has been updated. Please review your report for the details.

• The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

• The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

• Information on this item has been updated. Please review your report for the details.

**Processed -** This item was either updated or deleted; Please review your report for the details.

If our reinvestigation has not resolved your dispute, you have several options:

• You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

• You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

• You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

• You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York). If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your

7250-02-00-0003938-0001-0028863

1006486506

**AARON GOODMAN | Report # 2355-1042-51 for 10/17/18**



credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Here are your results**
**We completed the processing of your dispute(s).**

**Credit items**

AMEX 3499922409588333
Outcome: Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated.  Please review your report for the details.

**Still pending**

DISCOVER FINANCIAL SERVICES 601100090042....
Projected completion date: Oct 30, 2018

## Credit items

**Before dispute**

**AMERICAN EXPRESS** Partial account # 3499922409588333

PO BOX 981537 , EL PASO,  TX 79998 or 8008742717

| | | | |
|---|---|---|---|
| **Date opened**<br>Jul 2015<br>**Address ID #**<br>0859998183<br>**Type**<br>Credit card<br>**Responsibility**<br>Individual | **First reported**<br>Jul 2015<br>**Terms**<br>Not reported<br>**Monthly payment**<br>$348<br>**Credit limit or original amount**<br>$10,000<br>**High balance**<br>$10,609 | **Recent balance**<br>$10,609 as of Sep 2018<br>**Status**<br>Open. $286  past due as of Sep 2018.<br>By Jun 2025, this account is scheduled to go to a positive status.<br>**Comment**<br>Completed investigation of FCRA dispute - consumer disagrees. This item was updated from our processing of your dispute in Sep 2018.<br>**Date of Status**<br>Sep 2018 | **Payment history** |

Payment history:

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2017 | | | | | Full Year In Good Standing | | | | | | | |
| 2016 | | | | | Entire Year In Good Standing | | | | | | | |
| 2015 | | | | | | | | | | | | |

**Your statement** " Y  ITEM DISPUTED BY CONSUMER"

**Account History *** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Oct17 | Sep17 | Aug17 | Jul17 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 907 | 336 | 851 | 795 | 767 | 715 | 715 | 840 | 973 | 973 | 1,061 |
| DPR | Feb23 | Feb23 | Feb23 | Feb23 | Feb23 | Aug16 | Aug16 | Aug16 | Aug16 | Aug16 | ND |
| SPA ($) | ND | ND | ND | 88 | 88 | 88 | 88 | 88 | 88 | 88 | 88 |
| AAP ($) | ND | ND | ND | ND | 144 | 132 | 250 | ND | ND | 44 | ND |

The original amount of this account was $1,061

**After dispute**

7250-02-00-0003938-0001-0028863

AARON GOODMAN | Report # **2355-1042-51** for **10/17/18**

**AMERICAN EXPRESS** Partial account # 3499922409588333

PO BOX 981537, EL PASO, TX 79998 or 8008742717

| | | | |
|---|---|---|---|
| **Date opened** Jul 2015 | **First reported** Jul 2015 | **Recent balance** $10,609 as of Sep 2018 | **Payment history** |
| **Address ID #** 0859998183 | **Terms** Not reported | **Status** Open. $286 past due as of Sep 2018. | |
| **Type** Credit card | **Monthly payment** $348 | By Jun 2025, this account is scheduled to go to a positive status. | |
| **Responsibility** Individual | **Credit limit or original amount** $10,000 | **Comment** Completed investigation of FCRA dispute - consumer disagrees. This item was updated from our processing of your dispute in Oct 2018. | |
| | **High balance** $10,609 | **Date of Status** Sep 2018 | |

Payment history

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2018 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2017 |     |     | Full Year - In Good Standing |||||||||  |
| 2016 |     |     | Full Year - In Good Standing |||||||||  |
| 2015 |     |     |     |     |     |     |     |     |     |     |     |     |

**Your statement** " Y  ITEM DISPUTED BY CONSUMER"

**Account History** *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

|          | Aug18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Oct17 | Sep17 | Aug17 | Jul17 |
|----------|-------|-------|-------|-------|-------|-------|-------|-------|-------|-------|-------|
| AB ($)   | 907   | 336   | 851   | 795   | 767   | 715   | 715   | 840   | 973   | 973   | 1,061 |
| DPR      | Feb23 | Feb23 | Feb23 | Feb23 | Feb23 | Aug16 | Aug16 | Aug16 | Aug16 | Aug16 | ND    |
| SPA ($)  | ND    | ND    | ND    | 88    | 88    | 88    | 88    | 88    | 88    | 88    | 88    |
| AAP ($)  | ND    | ND    | ND    | ND    | 144   | 132   | 250   | ND    | ND    | 44    | ND    |

*The original amount of this account was $1,061*

# Payment History Legend

| | | |
|---|---|---|
| Current/Terms of agreement met | **CRD** Creditor received deed | **G** Claim filed with government |
| Account 30 days past due | **FS** Foreclosure proceedings started | **D** Defaulted on contract |
| Account 60 days past due | **F** Foreclosed | **C** Collection |
| Account 90 days past due | **VS** Voluntarily surrendered | **CO** Charge off |
| **120** Account 120 days past due | **R** Repossession | **CLS** Closed |
| **150** Account 150 days past due | **PBC** Paid by creditor | **ND** No data for this time period |
| **180** Account 180 days past due | **EC** Insurance claim | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your payment history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

*Personal statements you've asked us to include*  You've given us the following statement to include every time a company asks us for your credit report:

"ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-08-18."

# EXHIBIT J

PO Box 9701
Allen, TX 75013



0001856 02 MB 0.421 **AUTO  T5 0 7252 11354-525801    -C02-P01857-I
AARON GOODMAN
13201 ROOSEVELT AVENUE #818015
FLUSHING NY  11354-5258



# Dispute Results

Report # **2891-6985-64** for **10/20/18**

## AARON GOODMAN

*To assist you in understanding your correction summary, we have provided additional information that relates directly to items on your personal credit report.*

If you believe you are a victim of fraud, you may want to contact your local law enforcement agency to make an identity theft report. The identity theft report should include as many of the following elements as possible: specific dates such as when the loss or theft of personal information occurred or when the fraud(s) occurred; how you discovered or learned of the theft; any known information about the perpetrator; the names of creditors and account numbers involved in the theft; name and/or badge number of the law enforcement personnel who processed the report; the filing date and case number. You may find the following suggestions helpful:

- ***Protect Yourself*** *First,* make sure an Initial Security Alert or Extended Fraud Victim Alert is on file with all nationwide consumer credit reporting agencies. If you request an alert with us, we will share your request with the other nationwide consumer credit reporting agencies, Equifax and TransUnion.
- ***Inform the Sources*** Contact each source of information, including creditors and public record offices, and inform them that the account is fraudulent.
- ***Document all Contacts*** Make notes of everyone you spoke with; ask for names, department names, phone extensions; record the date you spoke to them.
- ***Understand the Process*** Each creditor may have a different process for handling a fraud claim. Make sure you understand exactly what is expected from you, and then ask what you can expect from the creditor. **At the conclusion of a dispute, ask the creditor for a document that states you are not responsible for the debt.**

- ***Follow Up*** Make sure everything the creditor or credit reporting agency has requested is received. It is always a good idea to place a follow up call or send a letter for confirmation.
- ***Review Reports Regularly*** We suggest that you routinely request new copies of your personal credit report to review.
- ***Don't Throw Away Files*** Keep all notes and correspondence in an accessible file in case they are needed in the future.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013

## Dispute Results

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so.  Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to:  review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

**How to read your results**

**Deleted** - This item was removed from your credit report.

7252-02-02-0001856-0001-0013503

AARON GOODMAN | Report # 2891-6985-64 for 10/20/18

**Remains -** The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.

**Updated** (Your results will indicate which one of the following applies.)

• The information you disputed has been updated. Please review your report for the details.

• The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

• The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

• Information on this item has been updated. Please review your report for the details.

**Processed -** This item was either updated or deleted; Please review your report for the details.

If our reinvestigation has not resolved your dispute, you have several options:

• You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

• You may contact the company that reports the information to us and dispute it directly with them.  If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

• You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

• You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York). If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address.  In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Here are your results**
**We completed the processing of your dispute(s).**

**Credit items**
DISCOVER FIN SVCS LLC 601100090042....
Outcome: Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated.  Please review your report for the details.

Credit items

**Before dispute**

**AARON GOODMAN** | Report # **2891-6985-64** for **10/20/18**

## DISCOVER FINANCIAL SERVICES Partial account # 601100090042....

PO BOX 15316, WILMINGTON, DE 19850 or 8003472683

| | |
|---|---|
| **Date opened** Jul 2012 | **First reported** Sep 2016 |
| **Address ID #** 0859998183 | **Terms** Not reported |
| **Type** Credit card | **Monthly payment** $436 |
| **Responsibility** Individual | **Credit limit or original amount** $9,200 |
| | **High balance** $9,563 |

**Recent balance**
$9,563 as of Sep 2018
**Status**
Closed/Never late.
This account is
scheduled to continue on
record until Sep 2028.
**Comment**
Account information
disputed by consumer
(Meets requirement of
the Fair Credit Reporting
Act).
**Comment:**
**Account closed at
credit grantor's
request.**
This item was updated
from our processing of
your dispute in Sep 2018.
**Date of Status**
Sep 2018

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2018** | | | | | | | | | CLS | | | |
| **2017** | | | | | | Full Year In Good Standing | | | | | | |
| **2016** | | | | | | | | | | | | |

Your statement " Y ITEM DISPUTED BY CONSUMER"

### Account History *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jul17 | Jun17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 9,365 | 9,379 | 9,299 | 9,312 | 9,338 | 9,342 | 9,345 | 9,225 | 9,176 | 9,158 | 9,110 | 0 | 9,183 | 9,217 | 9,219 |
| DPR | Jul29 | Jun29 | May29 | Apr29 | Mar29 | Mar01 | Jan29 | Dec29 | Nov28 | Oct29 | Sep28 | Aug28 | Jul28 | Jun28 | May14 |
| SPA ($) | 218 | 212 | 186 | 210 | 215 | 199 | 203 | 185 | 184 | 184 | 183 | 183 | 184 | 185 | 185 |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | May17 | Apr17 | Feb17 | Jan17 | Dec16 | Nov16 | Oct16 |
|---|---|---|---|---|---|---|---|
| AB ($) | 9,270 | 9,220 | 9,208 | 9,202 | 9,198 | 9,182 | 9,113 |
| DPR | Apr28 | Mar23 | Jan22 | Dec20 | Nov28 | Oct27 | Sep26 |
| SPA ($) | 186 | 185 | 185 | 184 | 184 | 184 | 183 |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND |

*Between Oct 2016 and Aug 2018, your credit limit/high balance was $9,200*

---

## After dispute

## DISCOVER FINANCIAL SERVICES Partial account # 601100090042....

PO BOX 15316, WILMINGTON, DE 19850 or 8003472683

| | |
|---|---|
| **Date opened** Jul 2012 | **First reported** Nov 2016 |
| **Address ID #** 0859998183 | **Terms** Not reported |
| **Type** Credit card | **Monthly payment** $218 |
| **Responsibility** Individual | **Credit limit or original amount** $9,200 |
| | **High balance** $9,760 |

**Recent balance**
$9,751 as of Oct 2018
**Status**
Closed. $426 past due
as of Oct 2018.
**Comment**
Account information
disputed by consumer
(Meets requirement of
the Fair Credit Reporting
Act).
**Comment:**
**Account closed at
credit grantor's
request.**
This item was updated
from our processing of
your dispute in Oct 2018.
**Date of Status**
Oct 2018

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2018** | | | | | | | | | ND | | | |
| **2017** | | | | | | Full Year In Good Standing | | | | | | |
| **2016** | | | | | | | | | | | | |

Your statement " Y ITEM DISPUTED BY CONSUMER"

### Account History *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Dec16 | Sep16 |
|---|---|---|
| AB ($) | 239 | 239 |
| DPR | Oct03 | Aug29 |
| SPA ($) | ND | ND |
| AAP ($) | ND | ND |

*Between Sep 2016 and Dec 2016, your credit limit/high balance was $300*

7232-02-00-0001856-0002-0015502

# EXHIBIT K

PO Box 9701
Allen, TX 75013



**0008449** 01 MB 0.421 **AUTO  T5 0 7256 11354-525801  -C01-P08457-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY  11354-5258

**experian**™

# Important Information

Report # **3295-7112-41** for **10/25/18**

## Dear AARON GOODMAN

We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, address, and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. **If you have additional relevant information** (anything new that has occurred between you and the credit grantor or courts that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that bankruptcy was dismissed or discharged, etc.), **that was not presented when you previously disputed the information** you may mail it to us and we will reinvestigate the disputed information. You may also submit such supporting documentation electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing. Potentially negative information, such as missed or late payments, and most public record items remain on the credit report for seven years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years. Unpaid tax liens will remain for up to 10 years from the filing date, and paid tax liens will remain for up to seven years from the filing date.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and

7256-01-00-0008449-0001-0013468

continued >

1006486506

page 1 of 2



completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, such as a court or other government office, notifying them of the disputed information and disclosing all relevant information regarding the consumer's dispute. In order to help resolve the consumer's dispute, Experian will review all relevant documents submitted by the consumer with the dispute and will forward such documents to the furnisher if Experian is unable to resolve the issue based on those documents. Consumers may also contact creditors directly to dispute items reported by the creditor. If the issue is not resolved, then the consumer credit reporting agency must offer to include a consumer statement on the personal credit report.

Unless you send us additional relevant information to support your claim, we will not reinvestigate this information again.

DISCOVER FINANCIAL SERVICES
601100090042....

Sincerely,

    Experian
    NCAC
    PO BOX 9701
    Allen TX 75013

# EXHIBIT L

PO Box 9701
Allen, TX 75013



0000773 01 AB 0.405 **AUTO H5 1 7260 11354-525801 -C01-P00773-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY 11354-5258



# Important Information

Report # **0477-3688-90** for **10/29/18**

## Dear AARON GOODMAN

We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, address, and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. **If you have additional relevant information** (anything new that has occurred between you and the credit grantor or courts that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that bankruptcy was dismissed or discharged, etc.), **that was not presented when you previously disputed the information** you may mail it to us and we will reinvestigate the disputed information. You may also submit such supporting documentation electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are engaging. Potentially negative information, such as missed or late payments, and most public record items remain on the credit report for seven years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years. Unpaid tax liens will remain for up to 10 years from the filing date, and paid tax liens will remain for up to seven years from the filing date.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and

continued >

1006486506

AARON GOODMAN | Report # **0477-3688-90** for **10/29/18**



completeness of any disputed item which may include
contacting the furnisher of the information or the vendor
that collected the information from a public record source,
such as a court or other government office, notifying them
of the disputed information and disclosing all relevant
information regarding the consumer's dispute. In order to
help resolve the consumer's dispute, Experian will review
all relevant documents submitted by the consumer with
the dispute and will forward such documents to the
furnisher if Experian is unable to resolve the issue based
on those documents. Consumers may also contact
creditors directly to dispute items reported by the creditor.
If the issue is not resolved, then the consumer credit
reporting agency must offer to include a consumer
statement on the personal credit report.

Unless you send us additional relevant information to
support your claim, we will not reinvestigate this
information again.

AMERICAN EXPRESS
3499922409588333

Sincerely,

    Experian
    NCAC
    PO BOX 9701
    Allen TX 75013

# EXHIBIT M

## AFFIDAVIT: VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "DISCOVER Account Number 6011-0009-0042-6168" including the credit card agreement, account ledgers and bookkeeping entries;

2. That DISCOVER does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That DISCOVER used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That DISCOVER did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That DISCOVER incurred financial losses and has been damaged in the amount of $10,597.51, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.      When accounts are 90 days or more overdue, DISCOVER does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.      That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.      That DISCOVER is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.      That I have personal knowledge that the Credit Card agreement and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                                    Day of_____, 2_____ .

_____

                                                    The State of_____

                                                    County of_____

_____
Print Name  & Title

                                                    _____
                                                    Signature & Seal of Notary

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** ROGER HOCHSCHILD
DISCOVER FINANCIAL SERVICES
2500 LAKE COOK ROAD
RIVERWOODS, IL 60015

November 15th, 2018

**Registered Mail Number #RE049588499US**

**RE: DISCOVER Account No.** 6011-0009-0042-6168

## NOTICE OF DISPUTE

**Dear Roger Hochschild,**

Thank you for your letter dated November 5th, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of August 2nd, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.**  Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to:  any breach of agreement, failure of consideration or material alterations, and that the original lender provided value.  In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that DISCOVER is, without a doubt, in breach of the alleged agreement.  The following facts support my position in this matter:**

1.      **DISCOVER** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **DISCOVER** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **DISCOVER** did not perform under the agreement and risked nothing of value.

## THE TRANSACTION

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.     **DISCOVER** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.     **DISCOVER** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **DISCOVER it** account while retaining payments from consumer.

4.     That being said, a breach occurred due to the fact that **DISCOVER** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.     Due to this breach, and complete lack of disclosure, **DISCOVER** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.     Due to the securitization of the "initial outstanding balances" of the alleged account, **DISCOVER** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.     When accounts are 90 days or more overdue, **DISCOVER** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **DISCOVER** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

In addition, please provide me with the following information:

1.     A complete statement of Damages, including all losses that **DISCOVER** has incurred under the alleged agreement.

2.     A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.     The name, address and telephone number of **DISCOVER**'s CPA auditor.

4.     A copy of any and all insurance claims that have been made by **DISCOVER** regarding this account.

5.     Verification if this alleged debt has been assigned or sold to a debt collector.

6.     If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.     If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.     A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be useful for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving**

**this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt.  Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter.  Failure by **DISCOVER** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

## NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS.   THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

Thank you very much and best regard.

Sincerely,

**Signed without prejudice by**          Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

Cc:

1. **Equifax**
   **Attention: Mark Begor / Chairman and CEO**
   P.O. Box 740241, Atlanta GA 30374

2. **Equifax Information Services LLC**
   P.O. Box 740256, Atlanta GA 30374

3. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   475 Anton Blvd., Costa Mesa CA 92626

4. **Experian Corporate Headquarters**
   **Attention: Don Robert / Chairman**
   955 American Lane, Schaumburg IL 60173

5. **Experian Disputes Office**
   P.O. Box 4500, Allen TX  75013

6. **TransUnion**
   **Attention: James M. Peck / CEO & President**
   555 W. Adams Street, Chicago IL 60661

7. **TransUnion Consumer Solutions**
   P.O. Box 2000, Chester PA 19022-2000

8. **Consumer Financial Protection Bureau**

Page **5** of **6**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

# EXHIBIT N

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:** STEPHEN SQUERI
AMERICAN EXPRESS
200 VESEY STREET
NEW YORK, NY 10285

November 15th, 2018

**Registered Mail Number #RE049588485US**

**RE:** AMERICAN EXPRESS **Account No.** 3725-481943-22002

## NOTICE OF DISPUTE

**Dear Stephen Squeri,**

Thank you for your letter dated October 23rd, 2018. However, **"Fraud vitiates the most solemn Contracts, documents and even judgments" [U.S. vs. Throckmorton, 98 US 61, at pg. 65].** Therefore your institution's fraud nullifies anything I may have signed.

Further, you did not answer any of the points in my letter, nor did you sign the affidavit. For these reasons, I am including them once again.

Thank you for the statement of July 29th, 2018 that your institution recently sent me, expecting payment for an alleged debt.

This Notice is to confirm that your claim is disputed under **15 USC § 1692 *et seq*.** Please verify under oath that this claim is valid, free from any claims and defenses including but not limited to: any breach of agreement, failure of consideration or material alterations, and that the original lender provided value. In addition, that this alleged account was transferred in good faith and by the consent of all parties involved.

**After reasonable inquiry I have concluded that AMERICAN EXPRESS is, without a doubt, in breach of the alleged agreement. The following facts support my position in this matter:**

1.  **AMERICAN EXPRESS** has failed to disclose to the alleged consumer Aaron Goodman (hereinafter "consumer") that **AMERICAN EXPRESS** used consumer's note, capital, funds, money or money equivalent to fund a note, check or similar instrument that was used to fund the charges on the alleged account, whereby **AMERICAN EXPRESS** did not perform under the agreement and risked nothing of value.

### THE TRANSACTION

In a credit card securitization transaction only the receivables are sold, not the accounts that generate the receivables. The financial institution retains legal ownership of the credit card accounts and can continue to change the terms on the accounts. Accounts corresponding to securitized loans are typically referred to as the designated accounts (or sometimes trust accounts). **The initial outstanding balances on the designated accounts are sold to the trust as are the rights to any new charges on the designated accounts.** Subsequently, as cardholder purchase activity generates more receivables on the designated accounts, these new receivables are **purchased by the trust from the originating institution/seller/transferor.** The trust uses the monthly principal payments received from the cardholders to acquire these new charges or receivables. When the securitization is initially set up, the originating institution/seller adds sufficient receivables to support the principal balance of the certificates plus an additional amount (seller's interest) that serves to absorb fluctuations in the outstanding balance of the receivables. The originating institution/seller will make subsequent **additions** to the trust in order to keep the seller's interest at the required level. (Emphasis added)

See: https://www.fdic.gov/regulations/examinations/credit_card_securitization/ch2.html

2.  **AMERICAN EXPRESS** has not used any of their own capital, funds, money or money equivalents to pay for any charges on the alleged account.

3.  **AMERICAN EXPRESS** received "something-for-nothing" by using the consumer's note(s) to fund charges to the **Gold Delta SkyMiles** account while retaining payments from consumer.

4.  That being said, a breach occurred due to the fact that **AMERICAN EXPRESS** failed to disclose the above information in their credit card agreement prior to soliciting applicant to become bound by it.

5.  Due to this breach, and complete lack of disclosure, **AMERICAN EXPRESS** has, directly or indirectly, used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e, which constitutes fraud.

6.  Due to the securitization of the "initial outstanding balances" of the alleged account, **AMERICAN EXPRESS** is not a holder in due course, and therefore cannot have incurred a loss or make a valid claim.

7.  When accounts are 90 days or more overdue, **AMERICAN EXPRESS** receives a payoff of the amount due from insurance, whose premiums were unknowingly funded by alleged the "borrower".

To settle this matter, I would like to receive absolute assurance from **AMERICAN EXPRESS** that the agreement has not been breached.  In order to satisfy this request, please sign or have an authorized officer sign the enclosed affidavit, hereby confirming that you have read the agreement, that you understand GAAP, the bookkeeping entries, accounts receivables and deposits, the banking laws, and the Federal Reserve bank's policies and procedures.

**In addition, please provide me with the following information:**

1.     A complete statement of Damages, including all losses that **AMERICAN EXPRESS** has incurred under the alleged agreement.

2.     A front and back, true and correct copy of the alleged signed agreement bearing my signature (full & complete disclosure), and a detailed copy of the alleged account.

3.     The name, address and telephone number of **AMERICAN EXPRESS's** CPA auditor.

4.     A copy of any and all insurance claims that have been made by **AMERICAN EXPRESS** regarding this account.

5.     Verification if this alleged debt has been assigned or sold to a debt collector.

6.     If this alleged debt has been assigned to a debt collector, please provide the commission amount if collection efforts are successful.

7.     If this alleged debt has been sold to a debt collector, please provide the price for which it was sold.

8.     A true and correct copy of the transfer instrument that was used to transfer the "initial outstanding balances" from this alleged account into the Special Purpose Entity (SPE) trust, as described on the FDIC website.

It would be constructive for you to note that the **FCRA (Fair Credit Reporting Act) section 609(c)(2)(E)** clearly states: **"a consumer reporting agency is not required to remove accurate derogatory information from a consumer's file, unless the information is outdated under section 605 or cannot be verified."**

The "cannot be verified" is the key phrase here. Since I challenged you and your staff to verify, and you cannot, this means all financial institutions and credit reporting agencies concerned with my account are required to immediately remove any derogatory information. It cannot be deemed "accurate" if it cannot be "verified". If it cannot be verified, then it is required to be removed, as per the **Fair Credit Reporting Act**.

If you are unable to verify the alleged debt by the above listed means, then what right do you have, under the **Fair Debt Collection Practices Act 15 USC § 1692**, to even send me a letter? Have you committed mail fraud?

<u>**You are required by federal law to provide the credit bureaus with the required disclosure by placing a "notice of dispute" on my account within (30) days after receiving**</u>

**this dispute letter.** I am keeping a careful record of all dates as well as time-stamped copies of my 3 credit reports, which will show that you have violated the **Fair Credit Reporting Act, Section 623(a)(3) [15 USC § 1681s-2]** if you do not place the aforementioned disclosure within the required (30) day period.

In addition, during this (30) day validation period, if any action is taken that could be considered damaging to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be incorrect or invalidated. If your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, TransUnion), this action may constitute fraud under both federal and state laws and directly violate the **Fair Credit Reporting Act.**

Due to this fact, if any negative mark is found or continues to be reported on any of my credit reports by your company or any company that you represent, I will not hesitate in bringing legal action against you for 1) Violation of the **Fair Credit Reporting Act** and 2) **Defamation of Character.**

I am confident that your legal team will wholeheartedly agree that non-compliance with this request could violate **Fair Credit Reporting Act, Section 623(a)(3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2],** putting your company in serious legal trouble with the Federal Trade Commission and other state or federal agencies.

You must contact me in writing to request an extension in the event that you need more than thirty (30) days to verify and validate the alleged debt. Failure to do so confirms that the time limit is reasonable.

All communications and omissions will be made part of and incorporated into any litigation that may arise from this matter. Failure by **AMERICAN EXPRESS** to verify and validate the alleged debt within thirty (30) days by signing the enclosed affidavit confirms that no further action will be taken and constitutes an absolute waiver of any right to collect the alleged debt. In addition, all references to this account must be deleted and completely removed from my credit file and a copy of this deletion request sent to me immediately.

**This notice also constitutes a Notice to Cease Telephonic Communications.** Non-compliance with this request will violate the **Telephone Consumer Protection Act 47 USC § 227.**

NOTICE

THIS IS NOT A REQUEST FOR CONFIRMATION THAT YOU HAVE A COPY OF AN AGREEMENT OR COPIES OF STATEMENTS. THIS IS A DEMAND FOR PROOF THAT YOU HAVE THE REQUISITE KNOWLEDGE OF THE FACTS, AND THAT THE ALLEGED CREDITOR PROVIDED ADEQUATE

CONSIDERATION AND INCURRED A FINANCIAL LOSS UNDER THE FULL & COMPLETE ORIGINAL AGREEMENT.

**Notice to the Principal is Notice to the Agent, and Notice to the Agent is Notice to the Principal.**

**Thank you very much and best regard.**

Sincerely,

Signed without prejudice by            Aaron Goodman

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.  And/or, I will file a complaint in federal court and the CFPB.

Cc:

**1. Equifax**
**Attention: Mark Begor / Chairman and CEO**
P.O. Box 740241, Atlanta GA 30374

**2. Equifax Information Services LLC**
 P.O. Box 740256, Atlanta GA 30374

**3. Experian Corporate Headquarters**
**Attention: Don Robert / Chairman**
475 Anton Blvd., Costa Mesa CA 92626

**4. Experian Corporate Headquarters**
**Attention: Don Robert / Chairman**
955 American Lane, Schaumburg IL 60173

**5. Experian Disputes Office**
 P.O. Box 4500, Allen TX  75013

**6. TransUnion**
**Attention: James M. Peck / CEO & President**
555 W. Adams Street, Chicago IL 60661

**7. TransUnion Consumer Solutions**
 P.O. Box 2000, Chester PA 19022-2000

**8. Consumer Financial Protection Bureau**

**Attention: Enforcement Division**
1700 G Street NW, Washington DC 20552

9. **Federal Trade Commission**
   **Bureau of Consumer Protection:**
   **600 Pennsylvania Avenue, NW**
   **Washington, DC 20580**

## AFFIDAVIT: VERIFICATION OF DEBT

The undersigned affiant, being duly sworn, deposes and states:

1. That I have the requisite knowledge of the facts regarding "AMERICAN EXPRESS Account Number 3725-481943-22002" including the credit card agreement, account ledgers and bookkeeping entries;

2. That AMERICAN EXPRESS does not follow Generally Accepted Accounting Principles (GAAP) or the Federal Reserve Bank's policies and procedures, and did not create credits from the Cardholder's signed receipts, promises to pay, notes, or other instruments;

3. That AMERICAN EXPRESS used its own money, money equivalent, credit or capital, or that of other depositors, as adequate consideration to purchase the loan agreement and notes from the Cardholder;

4. That AMERICAN EXPRESS did not accept, receive or deposit any money, money equivalent, note, credit or capital from the Cardholder to fund a note, check or similar instrument that was used to finance/fund the charges on the alleged account;

5. That AMERICAN EXPRESS incurred financial losses and has been damaged in the amount of $10,160.00, and is attempting to collect a bona fide debt arising from services provided and/or goods sold to the Cardholder;

6.    When accounts are 90 days or more overdue, AMERICAN EXPRESS does not receive a payoff of the amount due from insurance, whose premiums were unknowingly funded by the so-called "borrower".

7.    That all material facts and terms and conditions regarding the alleged account, have been disclosed to the Cardholder in the credit card agreement and promissory note;

8.    That AMERICAN EXPRESS is the holder in due course of all notes and that the notes were taken for value, in good faith, and without any notice of claims or defenses, and that any transfer of the account was made with the full knowledge and consent of all the parties; and

9.    That I have personal knowledge that the AMERICAN EXPRESS and promissory notes were not altered or forged in any way.

<u>ATTESTATION</u>

The facts stated above are true, correct and complete.

Signed by:                                    Subscribed and Sworn before me this_____
                                                      Day of_____, 2_____ .

_____

                                                      The State of_____

_____

                                                      County of_____
Print Name & Title

                                                      _____
                                                      Signature & Seal of Notary

# EXHIBIT O

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:**
Experian
955 American Lane
Schaumburg, IL 60173

December 1st, 2018

**Certified Mail Number** #7018-2290-0000-5915-6850

### FULL FILE DISCLOSURE REQUEST PURSUANT TO
### 15 U.S.C. Section 1681g(a)(1)
### (Not Request For Credit Score Report)

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Experian as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S.C. section 1681g(a)(1), and subject to 15 U.S.C. section 1681h. Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S.C. section 1681g(a)(2), all sources of information in my consumer file at Experian.
2. Pursuant to 15 U.S.C. section 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Experian.
3. Pursuant to 15 U.S.C. section 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S.C. section 1681g(a)(3)(A).
4. Pursuant to 15 U.S.C. section 1681g(a)(4), the dates, original payees, and amount of any checks in my consumer file at Experian used to adversely characterize me.
5. Pursuant to 15 U.S.C. section 1681g(a)(5), a record of all inquiries received by Experian in the year (12 months) preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate.

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Experian.

Thank you in advance,

_Aaron Goodman_          Date: _12/01/18_

Encl: Copy of my Social Security Card & Driver License

Aaron Goodman
13201 Roosevelt Avenue  #818015
Flushing, NY 11354

**To:**
Experian
P.O. Box 4500
Allen, TX 75013

December 1st, 2018

**Certified Mail Number #7018-2290-0000-5916-3568**

**RE: AMERICAN EXPRESS Account No. 3725-481943-22002**
(C# 349992xxxxxxxxxx)

**Dear Experian:**

### REQUEST TO ADD CONSUMER STATEMENT OF DISPUTE

Thank you for your correspondence in response to my dispute. Your reinvestigation does not resolve my ongoing dispute.

Section 1681i(b) of the FCRA provides that, "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." See 15 USC 1681i(c). Section 1681i(c) of the FCRA states, "[w]henever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

Therefore, I hereby request that you add the below 75-word brief statement to my file.

"This alleged account has been lawfully disputed by me. The account is continuously disputed until such time that the furnisher lawfully validates the alleged debt. I have no valid and/or binding agreement with the furnisher. I have no business relationship with the furnisher. The furnisher and/or alleged creditor is not a holder in due course. Upon information and belief, if there is an alleged account it has been securitized and transferred/assigned to a third party."

Sincerely,

Signed without prejudice by

*Aaron Goodman*
Aaron Goodman
SSN: ___xxx-xx-5884___

# EXHIBIT P

Aaron Goodman
13201 Roosevelt Avenue #818015
Flushing, NY 11354

**To:**
Experian
955 American Lane
Schaumburg, IL 60173

December 1st, 2018

**Certified Mail Number #7018-2290-0000-5915-6850**

### FULL FILE DISCLOSURE REQUEST PURSUANT TO
### 15 U.S.C. Section 1681g(a)(1)
### (Not Request For Credit Score Report)

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Experian as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S.C. section 1681g(a)(1), and subject to 15 U.S.C. section 1681h. Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S.C. section 1681g(a)(2), all sources of information in my consumer file at Experian.
2. Pursuant to 15 U.S.C. section 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Experian.
3. Pursuant to 15 U.S.C. section 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S.C. section 1681g(a)(3)(A).
4. Pursuant to 15 U.S.C. section 1681g(a)(4), the dates, original payees, and amount of any checks in my consumer file at Experian used to adversely characterize me.
5. Pursuant to 15 U.S.C. section 1681g(a)(5), a record of all inquiries received by Experian in the year (12 months) preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate.

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Experian.

Thank you in advance,

_Aaron Goodman_ _____   Date: _12/01/18_ _____

Encl: Copy of my Social Security Card & Driver License

Aaron Goodman
13201 Roosevelt Avenue  #818015
Flushing, NY 11354

**To:**
Experian
P.O. Box 4500
Allen, TX 75013

December 1st, 2018

**Certified Mail Number #7018-2290-0000-5916-3568**

**RE: DISCOVER Account No. 6011-0009-0042-6168**

**Dear Experian:**

### REQUEST TO ADD CONSUMER STATEMENT OF DISPUTE

Thank you for your correspondence in response to my dispute. Your reinvestigation does not resolve my ongoing dispute.

Section 1681i(b) of the FCRA provides that, "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute." See 15 USC 1681i(c). Section 1681i(c) of the FCRA states, "[w]henever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

Therefore, I hereby request that you add the below 75-word brief statement to my file.

"This alleged account has been lawfully disputed by me. The account is continuously disputed until such time that the furnisher lawfully validates the alleged debt. I have no valid and/or binding agreement with the furnisher. I have no business relationship with the furnisher. The furnisher and/or alleged creditor is not a holder in due course. Upon information and belief, if there is an alleged account it has been securitized and transferred/assigned to a third party."

Sincerely,

Signed without prejudice by

Aaron Goodman
SSN:  XXX - xx - 5884

# EXHIBIT Q

PO Box 9701
Allen, TX 75013



0004679  02 MB 0.421  **AUTO  T6 0 7302 11354-525801  -C02-P04683-I
AARON RUSSO GOODMAN
13201 ROOSEVELT AVE # 818015
FLUSHING NY  11354-5258



# Dispute Results

Report # **3567-6892-67** for **12/18/18**

# AARON RUSSO GOODMAN

*To assist you in understanding your correction summary, we have provided additional information that relates directly to items on your personal credit report.*

PLEASE REFER TO YOUR CREDIT REPORT FOR UPDATE.-

Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, **we were unable to honor your request or a portion of it** based on the limited amount of information regarding your dispute. If you believe that an item on your personal credit report is inaccurate or incomplete, please provide specific information. Be sure to indicate the specific item you are disputing and explain why you believe the information is inaccurate, for example: "not mine," "paid in full," "never late," "included in bankruptcy," "incorrect name," etc.

If the status, a date, an amount, a balance, personal information such as name or address, or any other specific information is inaccurate you should also indicate what the correct information should be. Once we receive this information, we will process your dispute.

You may also log on to **experian.com/disputes**, or call us at 1 (800) 509-8495 for faster service.

The dispute process may take up to 30 days (or up to 45 days for a dispute of information in an annual free credit report). We will send you the results once completed. If you write to us, please provide the following:

- **One copy of a government issued identification card, such as a driver's license, state ID card, etc.**
- **One copy of a utility bill, bank or insurance statement, etc.**

Please also include the following identification information:

- Your full name including middle initial (and generation - JR, SR, II, III)
- Social Security number
- Date of birth
- Complete addresses for the past two years

To protect your personal identification information, Experian does not return correspondence sent to us. Send **copies** of any documents you wish to provide to us and always retain your original documents. You may also submit your request or documents supporting your claim electronically at experian.com/upload.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, such as a court or other government office, notifying them of the disputed information and disclosing all relevant information regarding the disputed item. In order to help resolve the consumer's dispute, Experian will review all relevant documents submitted by the consumer with the dispute and will forward such documents to the furnisher if Experian is unable to resolve the issue based on those documents. Consumers may also contact creditors directly to dispute items reported by the creditor. If the issue is not resolved, then the consumer credit reporting agency must offer to include a consumer statement on the personal credit report.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record

7400-07-00-0004679-0001-0034417

**AARON RUSSO GOODMAN** | Report # **3567-6892-67** for **12/18/18**

source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

If you question the results of our dispute process, then you may want to contact the furnisher of information directly or review the original information in the public record. Please refer to your original personal credit report for the furnisher or public records office name, address, and phone number (if available).

By federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years.

Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it is accessed by others with a permissible purpose. These inquiries may affect your credit score.

Other inquiries for your credit information are considered "soft" inquiries and do not affect your credit score. Some examples are: your current creditors to monitor your accounts; other creditors who want to offer you preapproved credit; an employer who wishes to extend an offer of employment; a potential investor assessing the risk of a current credit obligation; an end user to complete your mortgage loan application; and insurance

underwriting (auto or home). These inquiries appear under the heading "Inquiries shared only with you" on your personal credit report and are not seen by anyone but you (except insurance companies may be able to see other insurance company inquiries).

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013



## Dispute Results

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

### How to read your results

**Deleted -** This item was removed from your credit report.

**Remains -** The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.

**Updated** (Your results will indicate which one of the following applies.)

• The information you disputed has been updated. Please review your report for the details.

• The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

• The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

• Information on this item has been updated. Please review your report for the details.

**Processed -** This item was either updated or deleted; Please review your report for the details.

If our reinvestigation has not resolved your dispute, you have several options:

• You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to

# EXHIBIT R

PO Box 9701
Allen, TX 75013



0001641 02 MB 0.421 ••AUTO  T2 0 7309 11354-525801   -C02-P01642-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY  11354-5258



# Dispute Results

Report # **3567-1184-94** for **12/26/18**

# AARON GOODMAN

## Dispute Results

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so.  Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to:  review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

**How to read your results**

**Deleted -** This item was removed from your credit report.

**Remains -** The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.

**Updated** (Your results will indicate which one of the following applies.)

• The information you disputed has been updated. Please review your report for the details.

• The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

• The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

• Information on this item has been updated. Please review your report for the details.

**Processed -** This item was either updated or deleted; Please review your report for the details.

If our reinvestigation has not resolved your dispute, you have several options:

• You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

• You may contact the company that reports the information to us and dispute it directly with them.  If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

• You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

• You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York). If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address.  In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your

7309-02:00-0001641-0001-0011957

credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

**AARON GOODMAN** | Report # **3567-1184-94** for **12/26/18**

If no information follows, our response appeared on the previous page.

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

**Here are your results**
**We completed the processing of your dispute(s).**

Credit items

AMEX 3499922409588333
Outcome: Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated.  Please review your report for the details.

**Still pending**

DISCOVER FINANCIAL SERVICES 601100090042....
Projected completion date: Jan 02, 2019

Credit items

**Before dispute**

**AMERICAN EXPRESS** Partial account # 3499922409588333

PO BOX 981537, EL PASO, TX 79998 or 8008742717

| Date opened | First reported | Recent balance |
|---|---|---|
| Jul 2015 | Jul 2015 | $10,882 as of Nov 2018 |
| **Address ID #** | **Terms** | **Status** |
| 0859998183 | Not reported | Closed. $972  past due as of Nov 2018. |
| **Type** | **Monthly payment** | **Comment** |
| Credit card | $174 | Completed investigation of FCRA dispute - consumer disagrees. |
| **Responsibility** | **Credit limit or original amount** | **Comment:** |
| Individual | $10,000 | Account closed at credit grantor's request. |
| | **High balance** | This item was updated from our processing of your dispute in Oct 2018. |
| | $10,882 | **Date of Status** |
| | | Nov 2018 |

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2017 | | | | | | | | | | | | |
| 2016 | | | | | | | | | | | | |
| 2015 | | | | | | | | | | | | |

Your statement " Y  ITEM DISPUTED BY CONSUMER"

**Account History *** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Nov18 | Sep18 | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jul17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 | 437 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | Jun17 | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 |
|---|---|---|---|---|---|---|---|
| AB ($) | 437 | 437 | 437 | 437 | 437 | 437 | 437 |
| DPR | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND |

The original amount of this account was $437

7309-02-00-00001641-0001-0011957

1006486506

AARON GOODMAN | Report # **3567-1184-94** for **12/26/18**

**After dispute**

**AMERICAN EXPRESS** Partial account #         PO BOX 981537, EL PASO, TX 79998 or 8008742717
3499922409588333

| | | | | |
|---|---|---|---|---|
| **Date opened** Jul 2015 | **First reported** Jul 2015 | **Recent balance** $10,882 as of Dec 2018 | | **Payment history** |
| **Address ID #** 0859998183 | **Terms** Not reported | **Status** Closed. $972 past due as of Dec 2018. | | |
| **Type** Credit card | **Monthly payment** $174 | **Comment** Account information | | |
| **Responsibility** Individual | **Credit limit or original amount** $10,000 | disputed by consumer (Meets requirement of the Fair Credit Reporting Act). | | |
| | **High balance** $10,882 | **Comment:** Account closed at credit grantor's request. This item was updated from our processing of your dispute in Dec 2018. **Date of Status** Dec 2018 | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2018** | | | | | | | | | | | | |
| **2017** | | | | | | | | | | | | |
| **2016** | | | | | | | | | | | | |
| **2015** | | | | | | | | | | | | |

**Your statement** " Y   ITEM DISPUTED BY CONSUMER"

**Account History** *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jun18 |
|---|---|
| **AB ($)** | 1,056 |
| **DPR** | ND |
| **SPA ($)** | ND |
| **AAP ($)** | ND |

*As of Jun 2018 your credit limit/high balance was $0*

# Payment History Legend

| | | | | | |
|---|---|---|---|---|---|
| | Current/Terms of agreement met | **CRD** | Creditor received deed | **G** | Claim filed with government |
| | Account 30 days past due | **FS** | Foreclosure proceedings started | **D** | Defaulted on contract |
| | Account 60 days past due | **F** | Foreclosed | **C** | Collection |
| | Account 90 days past due | **VS** | Voluntarily surrendered | **CO** | Charge off |
| | Account 120 days past due | **R** | Repossession | **CLS** | Closed |
| | Account 150 days past due | **PBC** | Paid by creditor | **ND** | No data for this time period |
| **180** | Account 180 days past due | **EC** | Insurance claim | | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

*Personal statements you've asked us to include*  You've given us the following statement to include every time a company asks us for your credit report:

"ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-08-18."

# EXHIBIT S

PO Box 9701
Allen, TX 75013



0005222 02 MB 0.421 **AUTO T2 0 7310 11354-525801 -C02-P05227-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY 11354-5258



# Dispute Results

Report # **3030-2700-33** for **12/27/18**

# AARON GOODMAN

## Dispute Results

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so.  Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to:  review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

**How to read your results**

**Deleted -** This item was removed from your credit report.

**Remains -** The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.

**Updated** (Your results will indicate which one of the following applies.)

• The information you disputed has been updated. Please review your report for the details.

• The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details.

• The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Please review your report for the details.

• Information on this item has been updated. Please review your report for the details.

**Processed -** This item was either updated or deleted; Please review your report for the details.

If our reinvestigation has not resolved your dispute, you have several options:

• You may add a statement of up to 100 words to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

• You may contact the company that reports the information to us and dispute it directly with them.  If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

• You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

• You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office.

If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York). If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address.  In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your

7310-02-00-0005222-0001-0038467

**AARON GOODMAN** | Report # **3030-2700-33** for **12/27/18**

credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

If no information follows, our response appeared on the previous page.

**Medical Information**
By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (e.g. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.



**Here are your results**
**We completed the processing of your dispute(s).**

Credit items

DISCOVER FIN SVCS LLC 601100090042....
Outcome: Updated - Information on this item has been updated.  Please review your report for the details.

## Credit items

### Before dispute

**DISCOVER FINANCIAL SERVICES** Partial account # 601100090042....    PO BOX 15316, WILMINGTON, DE 19850 or 8003472683

| Date opened | First reported | Recent balance | Payment history | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jul 2012 | Nov 2016 | $10,162 as of Dec 2018 | | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
| **Address ID #** | **Terms** | **Status** | 2018 | | | | | | | | | | | | |
| 0859998183 | Not reported | Closed. $871  past due as of Dec 2018. | 2017 | | | | | | | | | | | | |
| **Type** | **Monthly payment** | **Comment** | 2016 | | | | | | | | | | | | |
| Credit card | $225 | Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). | | | | | | | | | | | | | |
| **Responsibility** | **Credit limit or original amount** | | | | | | | | | | | | | | |
| Individual | $9,200 | **Comment:** Account closed at credit grantor's request. | | | | | | | | | | | | | |
| | **High balance** | This item was updated from our processing of your dispute in Oct 2018. | | | | | | | | | | | | | |
| | $10,162 | **Date of Status** Nov 2018 | | | | | | | | | | | | | |

**Your statement** " Y  ITEM DISPUTED BY CONSUMER"

**Account History \*** (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Oct18 |
|---|---|
| AB ($) | 592 |
| DPR | ND |
| SPA ($) | ND |
| AAP ($) | ND |

The original amount of this account was $592

### After dispute

7310-02-00-0005222-0001-0038487

**AARON GOODMAN** | Report # **3030-2700-33** for **12/27/18**

**DISCOVER FINANCIAL SERVICES** Partial account # 601100090042....
PO BOX 15316 , WILMINGTON , DE 19850 or 8003472683

| | |
|---|---|
| **Date opened** Jul 2012 | **Recent balance** $10,162 as of Dec 2018 |
| **Address ID #** 0859998183 | **Status** Closed. $871 past due as of Dec 2018. |
| **Type** Credit card | **Comment** Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |
| **Responsibility** Individual | |

| | |
|---|---|
| **First reported** Jan 2017 | **Comment:** Account closed at credit grantor's request. This item was updated from our processing of your dispute in Dec 2018. |
| **Terms** Not reported | |
| **Monthly payment** $225 | **Date of Status** Dec 2018 |
| **Credit limit or original amount** $9,200 | |
| **High balance** $10,162 | |

Your statement " Y   ITEM DISPUTED BY CONSUMER"

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | ND | | | |
| 2017 | | | | | | | | | | | | |

Account History *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Oct18 | Sep18 | Aug18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Oct17 | Sep17 | Aug17 | Jul17 | Jun17 | May17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

| | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 |
|---|---|---|---|---|---|
| AB ($) | 2,574 | 2,574 | 2,574 | 2,574 | 2,574 |
| DPR | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND |

The original amount of this account was $2,574

# Payment History Legend

| | | | | | |
|---|---|---|---|---|---|
| | Current/Terms of agreement met | **CRD** | Creditor received deed | **G** | Claim filed with government |
| | Account 30 days past due | **FS** | Foreclosure proceedings started | **D** | Defaulted on contract |
| | Account 60 days past due | **F** | Foreclosed | **C** | Collection |
| | Account 90 days past due | **VS** | Voluntarily surrendered | **CO** | Charge off |
| | Account 120 days past due | **R** | Repossession | **CLS** | Closed |
| | Account 150 days past due | **PBC** | Paid by creditor | **ND** | No data for this time period |
| **180** | Account 180 days past due | **EC** | Insurance claim | | |

*If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your account history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data

---

*Personal statements you've asked us to include*  You've given us the following statement to include every time a company asks us for your credit report:

"ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 10-08-18."

7310-02-00-0005222-0002-0038486

# EXHIBIT T

PO Box 9701
Allen, TX 75013



0009130 01 MB 0.421 **AUTO T8 0 7015 11354-525801  -C01-P09139-I
AARON GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY 11354-5258



# Important Information

Report # **0885-2353-94** for **01/16/19**

## Dear AARON GOODMAN

We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, address, and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. **If you have additional relevant information** (anything new that has occurred between you and the credit grantor or courts that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that bankruptcy was dismissed or discharged, etc.), **that was not presented when you previously disputed the information** you may mail it to us and we will reinvestigate the disputed information. You may also submit such supporting documentation electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing. Potentially negative information, such as missed or late payments, and most public record items remain on the credit report for seven years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years. Unpaid tax liens will remain for up to 10 years from the filing date, and paid tax liens will remain for up to seven years from the filing date.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and

7015-01-00-0009130-0001-0013871

continued >

1006486506

page 1 of 2

completeness of any disputed item which may include
contacting the furnisher of the information or the vendor
that collected the information from a public record source,
such as a court or other government office, notifying them
of the disputed information and disclosing all relevant
information regarding the consumer's dispute. In order to
help resolve the consumer's dispute, Experian will review
all relevant documents submitted by the consumer with 
the dispute and will forward such documents to the
furnisher if Experian is unable to resolve the issue based
on those documents. Consumers may also contact
creditors directly to dispute items reported by the creditor.
If the issue is not resolved, then the consumer credit
reporting agency must offer to include a consumer
statement on the personal credit report.

Unless you send us additional relevant information to
support your claim, we will not reinvestigate this
information again.

AMERICAN EXPRESS
3499922409588333

Sincerely,

    Experian
    NCAC
    PO BOX 9701
    Allen TX 75013

# EXHIBIT U

PO Box 9701
Allen, TX 75013



0000882  01 AB 0.409  **AUTO  H5 1 7032 11354-525801   -C01-P00882-I
AARON RUSSO GOODMAN
13201 ROOSEVELT AVE #818015
FLUSHING NY  11354-5258

||ı||||ı||ı||ııı|ı||ı|ı||ı|ıı|ı|||ıı|ı||ı|ı|ı|ı|ı||ı



# Important
# Information

Report # **1826-1684-01** for **02/05/19**

## Dear AARON RUSSO GOODMAN

We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report you received for the name, address, and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue. **If you have additional relevant information** (anything new that has occurred between you and the credit grantor or courts that should result in a change to the information appearing on your credit report, such as a letter from the creditor, a cancelled check or money order, billing statement, contact name of the credit grantor, letter from the IRS, proof from a court or county reporter, proof that bankruptcy was dismissed or discharged, etc.), **that was not presented when you previously disputed the information** you may mail it to us and we will reinvestigate the disputed information. You may also submit such supporting documentation electronically at experian.com/upload. Be advised that written information or documents you provide with respect to your disputes may be shared with any and all creditors with which you are disputing. Potentially negative information, such as missed or late payments, and most public record items remain on the credit report for seven years, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for 10 years. Unpaid tax liens will remain for up to 10 years from the filing date, and paid tax liens will remain for up to seven years from the filing date.

When you dispute the accuracy or completeness of information on your personal credit report and tell us specifically why you believe the information is inaccurate or incomplete, we process your dispute as required by law. We contact the furnisher of the information or the vendor that collected the information from a public record source such as a court or other government office. We ask the furnisher or the vendor to verify all of the information regarding the item you disputed, and report back within 30 days of the date that we received your request (21 days for Maine residents and 45 days for disputes of information on an annual free credit report). We review and consider the response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete that information, or modify that information, as appropriate, based upon your dispute and the results of our processing. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results. In some instances, upon reviewing your credit file and any relevant information you have submitted to us, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. In addition to your right to dispute information in your credit file with the credit reporting agencies, you also have the right to dispute information in your credit report directly with the furnisher of the information.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting agency's role in the dispute process is to review the accuracy and

continued >

1006486506

page 1 of 2

AARON RUSSO GOODMAN | Report # **1826-1684-01** for **02/05/19**



completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, such as a court or other government office, notifying them of the disputed information and disclosing all relevant information regarding the consumer's dispute. In order to help resolve the consumer's dispute, Experian will review all relevant documents submitted by the consumer with the dispute and will forward such documents to the furnisher if Experian is unable to resolve the issue based on those documents. Consumers may also contact creditors directly to dispute items reported by the creditor. If the issue is not resolved, then the consumer credit reporting agency must offer to include a consumer statement on the personal credit report.

Unless you send us additional relevant information to support your claim, we will not reinvestigate this information again.

AMERICAN EXPRESS
3499922409588333

DISCOVER FINANCIAL SERVICES
601100090042....

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013